# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Pastor Steve Smothermon, | Case No. 2:25-cv-01858-APG-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Kevin Hodge, et al., | |
| Defendants. | |

Plaintiff initiated this case against Defendants Keith Hodge, Kevin Hodge, and Hodgetwins, LLC, and promptly submitted proposed summons to be issued against each Defendant. ECF Nos. 1, 4–6. Summonses were returned executed as to Kevin Hodge and Hodgetwins, LLC. ECF Nos. 23 and 26. The summons as to Keith Hodge was returned unexecuted. ECF No. 22.[1] Consequently, Plaintiff filed a motion to extend the time to serve Keith Hodge and to serve him by alternate means. ECF Nos. 24 and 25.

Defendants must be served in accordance with Federal Rule of Civil Procedure 4 or there is no personal jurisdiction. *Beecher v. Wallace*, 381 F.2d 372 (9th Cir. 1967). However, "Defendants can waive the defect of lack of personal jurisdiction by appearing generally without first challenging the defect in a preliminary motion, or in a responsive pleading. Jurisdiction attaches if a defendant makes a voluntary general appearance, as by filing an answer through an attorney." *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1976) (citations omitted). Here, all Defendants, including Keith Hodge, filed an answer to the complaint on March 3, 2026, via an attorney. ECF No. 37. There were no challenges to service either in the answer or before the answer was filed. So, if Defendant Keith Hodge was not properly served, he has waived any defect in service or personal jurisdiction by appearing generally and by not raising this defense in

---

[1] The docket text incorrectly states that the summons was returned executed as to Kevin Hodge, but the contents show that service was not completed on Keith Hodge. ECF No. 22.

earlier proceedings. *See Geomat & Sons, Inc. v. Hong Kong & Shanghai Banking Corp.*, No. CIV. 10-00001, 2011 WL 1317248, at *8 (D. Guam Mar. 25, 2011) ("[T]he court finds that the Superior Court had jurisdiction over Kallingal, P.C. because the amended complaint was either properly served or, if not properly served, Kallingal, P.C. waived any defect in service or personal jurisdiction by appearing generally and by not raising this defense in earlier proceedings.").

I. **CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's motion to extend time for service (ECF No. 24) and motion for service by publication (ECF No. 25) are **DENIED AS MOOT.**

DATED: March 6, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE