Marc J. Randazza, NV Bar No. 12265
Ronald D. Green, NV Bar No. 7360
Alex J. Shepard, NV Bar No. 13582
RANDAZZA LEGAL GROUP, PLLC
8991 W. Flamingo Rd., Ste. B
Las Vegas, NV 89147
Telephone: 702-420-2001
ecf@randazza.com

Attorneys for Defendants
Keith Hodge, Kevin Hodge, and Hodgetwins, LLC

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

PASTOR STEVE SMOTHERMON,

        Plaintiff,

  v.

KEITH HODGE, an individual; KEVIN HODGE, an individual; HODGETWINS, LLC, a limited liability company,

        Defendants.

Case No. 2:25-cv-01858-APG-BNW

**DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE AND OTHER DEFENSES**

Defendants Keith Hodge, Kevin Hodge, and Hodgetwins, LLC ("Defendants") amend their Answer to the Complaint filed by Plaintiff Steve Smothermon ("Plaintiff"), as follows:

## <u>ANSWER</u>

## NATURE OF THE ACTION

1.    Answering Paragraph 1 of the Complaint, Defendants are without knowledge or information sufficient to allow them to admit or deny the allegations that Smothermon is a "conservative" or a "Bible-based Pastor" as both of those terms are matters of opinion. As such, Defendants deny the allegations. However, without prejudice to this denial, Defendants have located significant information that Smothermon is a pastor and leader of Legacy Church in New Mexico. *See* **Exhibits 1-23**.

2.    Answering Paragraph 2 of the Complaint, Defendants are without knowledge or information sufficient to allow them to admit or deny the allegations contained therein and much of this is a matter of opinion. As such, Defendants deny the allegations.

3.    Answering Paragraph 3 of the Complaint, Defendants deny the allegations.

4.    Answering Paragraph 4 of the Complaint, Defendants deny that they caused any injury to Plaintiff.  With regard to the remaining allegations, Defendants are without knowledge or information sufficient to allow them to admit or deny the remaining allegations. As such, Defendants deny the allegations.

5.    Answering Paragraph 5 of the Complaint, Defendants deny the allegations.

6.    Answering Paragraph 6 of the Complaint, Defendants deny.  *See* **Exhibits 22-23**.

7.    Answering Paragraph 7 of the Complaint, it contains conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations.

8.    Answering Paragraph 8 of the Complaint, Defendants assert that it does not contain allegations necessitating a response and is largely a statement of opinion.  To the extent that a response is required, Defendants deny the allegations.

9.    Answering Paragraph 9 of the Complaint, Defendants deny the allegations.

**THE PARTIES**

10.    Answering Paragraph 10 of the Complaint, Defendants admit this allegation.

11.    Answering Paragraph 11 of the Complaint, Defendants admit the allegations.

12.    Answering Paragraph 12 of the Complaint, Defendants admit the allegations.

13.    Answering Paragraph 13 of the Complaint, Defendants admit the allegations.

14.    Answering Paragraph 14 of the Complaint, Defendants deny the allegations.

**JURISDICTION AND VENUE**

15.    Answering Paragraph 15 of the Complaint, it contains conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations. Specifically, Defendants deny that there is more than $75,000 at issue.

16.    Answering Paragraph 16 of the Complaint, it contains conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations.

17.    Answering Paragraph 17 of the Complaint, it contains conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations.

## GENERAL ALLEGATIONS

18. Answering Paragraph 18 of the Complaint, Defendants admit that Kevin and Keith Hodge are American twin brothers, that they have a YouTube channel and a "social media presence," and that they have engaged in fitness advice, reaction videos, stand-up comedy, and conservative political commentary. Regarding the remaining allegations of the Paragraph, Defendants are without knowledge or information sufficient to allow them to admit or deny the allegations. As such, Defendants deny the allegations.

19. Answering Paragraph 19 of the Complaint, Defendants admit that Kevin and Keith Hodge perform comedy shows and have an online presence as conservative twins. Regarding the remaining allegations of the Paragraph, Defendants are without knowledge or information sufficient to allow them to admit or deny the allegations. As such, Defendants deny the allegations.

20. Answering Paragraph 20 of the Complaint, Defendants are without knowledge or information sufficient to allow them to admit or deny the allegations. As such, Defendants deny.

21. Answering Paragraph 21 of the Complaint, Defendants assert that its averments are irrelevant to the allegations of the Complaint and were included for an improper purpose. Defendants admit that the referenced group criticized them as promoting "harmful conspiracy theories about Jewish individuals" and that they used "their platform to amplify antisemitic rhetoric" but deny that their opinions actually did these things.

22. Answering Paragraph 22, Defendants deny that their YouTube channel "boasts nearly 3.5 million followers." Regarding the remaining allegations in the Paragraph, Defendants are without knowledge or information sufficient to allow them to admit or deny the allegations. As such, Defendants deny the allegations.

23. Answering Paragraph 23 of the Complaint, Defendants admit that their Facebook page has over 6.3 million followers. Regarding the remaining allegations in the Paragraph, Defendants are without knowledge or information sufficient to allow them to admit or deny the allegations. As such, Defendants deny the allegations.

24. Answering Paragraph 24 of the Complaint, Defendants are without knowledge or information sufficient to allow them to admit or deny the allegations. As such, Defendants deny.

25. Answering Paragraph 25 of the Complaint, Defendants are without knowledge or information sufficient to allow them to admit or deny the allegations. As such, Defendants deny.

26. Answering Paragraph 26 of the Complaint, Defendants are without knowledge or information sufficient to allow them to admit or deny the allegations. As such, Defendants deny.

27. Answering Paragraph 27 of the Complaint, Defendants are without knowledge or information sufficient to allow them to admit or deny the allegations. As such, Defendants deny.

28. Answering Paragraph 28 of the Complaint, Defendants are without knowledge or information sufficient to allow them to admit or deny the allegations. As such, Defendants deny.

29. Answering Paragraph 29 of the Complaint, Defendants are without knowledge or information sufficient to allow them to admit or deny the allegations. As such, Defendants deny.

30. Answering Paragraph 30 of the Complaint, Defendants are without knowledge or information sufficient to allow them to admit or deny the allegations. As such, Defendants deny.

31. Answering Paragraph 31 of the Complaint, Defendants are without knowledge or information sufficient to allow them to admit or deny the allegations. As such, Defendants deny.

32. Answering Paragraph 32 of the Complaint, Defendants are without knowledge or information sufficient to allow them to admit or deny the allegations. As such, Defendants deny.

33. Answering Paragraph 33 of the Complaint, Defendants admit the allegation that "[s]ome media outlets have praised Cracker Barrel's recent transformation as a positive shift—from being perceived as exclusionary to actively embracing LGBTQ+ inclusion. These outlets often attribute this corporate direction to the leadership of Steve Smotherman." Defendants also specifically admit –the need for the Plaintiff to point out "note the different spelling" for the reader to determine the difference between Smotherman and Smothermon.

34. Answering Paragraph 34 of the Complaint, Defendants admit.

35. Answering Paragraph 35 of the Complaint, Defendants admit.

36. Answering Paragraph 36 of the Complaint, Defendants are without knowledge or information sufficient to allow them to admit or deny the allegations. As such, Defendants deny.

37. Answering Paragraph 37 of the Complaint, Defendants admit that some people hold these opinions while others hold the opposite opinions.

38. Answering Paragraph 38 of the Complaint, Defendants are without knowledge or information sufficient to allow them to admit or deny the allegations. As such, Defendants deny.

39. Answering Paragraph 39 of the Complaint, Defendants admit the allegations.

40. Answering Paragraph 40 of the Complaint, Defendants admit the allegations.

41. Answering Paragraph 41 of the Complaint, Defendants admit the allegations.

42. Answering Paragraph 42 of the Complaint, Defendants are without knowledge or information sufficient to allow them to admit or deny the allegations. As such, Defendants deny the allegations. One part of the allegation is specifically admitted – that being the need for the Plaintiff to point out "note the different spelling" for the reader to determine the difference at issue between Smothermon and Smotherman. This proves part of the Defendants' argument.

43. Answering Paragraph 43 of the Complaint, Defendants are without knowledge or information sufficient to allow them to admit or deny the allegations. As such, Defendants deny.

44. Answering Paragraph 44 of the Complaint, Defendants deny the allegations.

45. Answering Paragraph 45 of the Complaint, Defendants are without knowledge or information sufficient to allow them to admit or deny the allegations. As such, Defendants deny.

46. Answering Paragraph 46 of the Complaint, Defendants deny the allegations and note that this is entirely a matter of subjective opinion.

47. Answering Paragraph 47 of the Complaint, Defendants deny the allegations.

48. Answering Paragraph 48 of the Complaint, Defendants deny the allegations.

49. Answering Paragraph 49 of the Complaint, Defendants admit the allegations therein to the extent that Defendants have been able to confirm some of this information after the lawsuit was served on them. *See* **Exhibits 1-7, 9**.

50.    Answering Paragraph 50 of the Complaint, Defendants are without knowledge or information sufficient to allow them to admit or deny the allegations. As such, Defendants deny.

51.    Answering Paragraph 51 of the Complaint, Defendants are without knowledge or information sufficient to allow them to admit or deny the allegations  As such, Defendants deny.

52.    Answering Paragraph 52 of the Complaint, Defendants are without knowledge or information sufficient to allow them to admit or deny the allegations. As such, Defendants deny.

53.    Answering Paragraph 53 of the Complaint, Defendants are without knowledge or information sufficient to allow them to admit or deny the allegations. As such, Defendants deny.

54.    Answering Paragraph 54 of the Complaint, Defendants are without knowledge or information sufficient to allow them to admit or deny the allegations. As such, Defendants.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### Defamation.

55.    Answering Paragraph 55 of the Complaint, Defendants repeat and reallege their responses to the preceding paragraphs as if set forth fully herein.

56.    Answering Paragraph 56 of the Complaint, Defendants deny the allegations.

57.    Answering Paragraph 57 of the Complaint, Defendants deny the allegations.

58.    Answering Paragraph 58 of the Complaint, Defendants deny the allegations.

59.    Answering Paragraph 59 of the Complaint, Defendants deny the allegations.

60.    Answering Paragraph 60 of the Complaint, Defendants deny the allegations.

61.    Answering Paragraph 61 of the Complaint, Defendants deny the allegations.

### SECOND CLAIM FOR RELIEF OR, IN THE ALTERNATIVE, REQUESTED REMEDY

### Permanent Injunctive Relief.

62.    Answering Paragraph 62 of the Complaint, Defendants repeat and reallege their responses to the preceding paragraphs as if set forth fully herein.

63.    Answering Paragraph 63 of the Complaint, it contains conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations.

64.     Answering Paragraph 64 of the Complaint, Defendants deny the allegations.

65.     Answering Paragraph 65 of the Complaint, Defendants deny the allegations.

66.     Answering Paragraph 66 of the Complaint, Defendants deny the allegations.

67.     Answering Paragraph 67 of the Complaint, Defendants deny the allegations.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants' affirmative and other defenses, as set forth herein, are based solely upon Plaintiff's allegations in his Complaint, which do not describe events with sufficient particularity to enable Defendants to determine each and every defense which might exist to Plaintiff's claims. Defendants reserve the right to assert and rely upon additional defenses that become available or apparent during the pendency of this action and to modify the affirmative defenses asserted herein as additional information is obtained by Defendants.

Defendants assert the affirmative and other defenses set forth below, each as separate and distinct affirmative defenses to Plaintiff's causes of action. Insofar as any of the following expresses denial of an element of any claim alleged against Defendants, that denial does not indicate that Plaintiff is relieved of his burden to prove each and every element of such claims, or that Defendants have assumed any burden of proof. Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during, for example, pre-trial proceedings in this case and hereby reserve the right to amend this Answer and offer or assert additional defenses that cannot now be articulated because, among other reasons, the parties have not conducted discovery.

### FIRST AFFIRMATIVE DEFENSE

**The Claims Are Barred by *New York Times v. Sullivan* and Its Progeny, Which Require Clear and Convincing Evidence of Actual Malice for a Public Figure to Prevail in a Defamation Claim.**

1.      Plaintiff's Complaint fails to state a cause of action upon which relief can be granted, in part because Plaintiff fails to properly allege actual malice, which even if alleged, could never be proven by clear and convincing evidence as required by the First Amendment in cases involving public figure plaintiffs. The following rebuts any proof Plaintiff may offer:

**Plaintiff is a Public Figure.**

2.      Legacy Church advertises that it has "nine church campuses in New Mexico and a worldwide church campus online." *See* Legacy Church, Who We Are webpage, attached hereto as **Exhibit 1**.[1] The Church has over 10,000 weekly in-person attendees and membership of approximately 20,000 members.

3.      In Legacy Church's 2024 Annual Report, Steve Smothermon and the Church boasted that they had "reached over 28 MILLION people through social media" and have "over 440,000 followers" across social media platforms. *See* Legacy Church 2024 Annual Report, attached hereto as **Exhibit 2**.[2] Upon information and belief, those numbers have increased over the past two years.

4.      Legacy Church's 2024 Annual Report additionally provides that Plaintiff Steve Smothermon and Legacy Church have overseen grants to Make-A-Wish of over $2 million, have packed over 270,000 meals for Kids Around the World, have gained massive veteran support, and engaged in extensive homeless ministries, which have garnered considerable press and community attention. *See* **Exhibit 2**.

5.      Legacy Church has an app available on iPhone, iPad, Apple TV, Android, Amazon, and Roku. *See* Legacy Church App webpage, attached hereto as **Exhibit 3**.[3] Among other things, the app features Steve Smothermon's podcast, the ability to livestream Steve Smothermon's sermons, and access to his past sermons. It additionally encourages users to share Steve Smothermon's sermons on social media.

6.      Legacy Church has a YouTube channel that primarily features Steve Smothermon's sermons. At the time of this filing, that channel has over 91,000 subscribers and features over 2,400 uploaded videos. *See* Legacy Church YouTube account, attached hereto as **Exhibit 4**.[4]

---

[1] Available at: <https://www.legacychurch.com/>.
[2] Available at: <https://www.legacychurch.com/images/uploads/AnnualReport/2024%20Annual%20Report%20FINAL.pdf>.
[3] Available at: <https://www.legacychurch.com/legacyapp?sapurl=LysxOWE4L2FwcD9lbWJlZD10cnVlJnJlY2VudFJvdXRlPWFwcC53ZWItYXBwLnJlZGlyZWN0b3ImcmVjZW50Um91dGVbHVnPWFw>.
[4] Available at: <https://www.youtube.com/legacychurchabq>.

Amended Answer and Affirmative Defenses
Case No. 2:25-cv-01858-APG-BNW

7.      Steve Smothermon's videos generate considerable traffic.  By way of example, his video "I'm a Right Wing Extremist and Here's Why!," published on September 18, 2025, has over 117,000 views as of the date of this filing.  *See* "I'm a Right Wing Extremist and Here's Why!" video, attached hereto as **Exhibit 5**.[5]

8.      Steve Smothermon has an Instagram account with over 20,000 followers.  *See* Steve Smothermon Instagram, attached hereto as **Exhibit 6**.[6] Legacy Church, which prominently features Steve Smothermon, also maintains an Instagram account with over 45,000 followers.  *See* Legacy Church Instagram, attached hereto as **Exhibit 7**.[7]

9.      Steve Smothermon is a published author with two books for sale on Amazon: *Large Large Living in a Small Small World* and *Big Problems, Bigger God: Whatever You Need for Whatever You Face*.  *See* Amazon Author Page, attached hereto as **Exhibit 8**.[8]

10.     Steve Smothermon has sought, and received, nationwide attention as the pastor of Legacy Church, including for hosting Charlie Kirk at Legacy Church on August 10, 2025, shortly before Mr. Kirk's assassination.  *See* John San Nicholas, "Charlie Kirk Visits Legacy Church in Albuquerque, New Mexico," PATHEOS.COM (Sept. 11, 2025), attached hereto as **Exhibit 9**.[9]

11.     Steve Smothermon has morphed from a religious leader to a large public figure in the political landscape of the State of New Mexico.

12.     Smothermon has inserted himself into New Mexico politics, including in its gubernatorial races. *See, e.g.,* "New Washington Post Column Exposes Mark Ronchetti for Trying to Hide His Extreme Anti-Abortion Stance," DEMOCRATIC GOVERNORS ASS'N (Sept. 1, 2022), attached hereto as **Exhibit 10**;[10] Sherry Robinson, "Ronchetti, McCleskey size up Republican Presidential Candidates," NEW MEXICO NEWS SERVICES, LLC (Aug. 28, 2023), attached hereto as

---

[5] Available at: <https://www.youtube.com/watch?v=fLHyP8osyrU>.
[6] Available at: <https://www.instagram.com/stevesmothermon/?hl=en>.
[7] Available at: <https://www.instagram.com/legacychurchabq/?hl=en>.
[8] Available at: <https://www.amazon.com/stores/Steve-Smothermon/author/B00JA8F4U4?ref=ap_rdr&shoppingPortalEnabled=true&ccs_id=f887dae1-ffcf-4d5b-af38-4cc5c74c9348>.
[9] Available at: <https://www.patheos.com/blogs/faithfulpolitics/2025/08/charlie-kirk-visits-legacy-church-in-albuquerque-new-mexico/>.
[10] Available at: <https://democraticgovernors.org/updates/new-washington-post-column-exposes-mark-ronchetti-for-trying-to-hide-his-extreme-anti-abortion-stance/>.

**Exhibit 11**;[11] "Episode 99: Inside New Mexico with Steve Pearce," *Inside New Mexico with Steve Pearce Podcast Episodes* (Jan. 24, 2021), attached hereto as **Exhibit 12**;[12] Jesse Lopez, "Forgiving Smothermon; praying for those his words affect," NMPOLITICS.NET (Feb. 20, 2012), attached hereto as **Exhibit 13**[13]; Laura Thoren, "Legacy pastor fires back on highlighted ballot issue," KOAT.COM (Oct. 27, 2024), attached hereto as **Exhibit 14**[14]; John Cardinale, "Legacy Church stirs the pot during election season," KOAT.COM (Aug. 3, 2022), attached hereto as **Exhibit 15**.[15]

13.    Plaintiff additionally inserted himself into the country's and the state's policies during the COVID-19 shutdowns. *See, e.g.,* Pastor Dewey Moede, "ABQ Fire Marshal Says the City and State Police Will Be Visiting Churches to Make Sure Public Health Orders Are Be Practiced," FGGAM.ORG (Oct. 23, 2020), attached hereto as **Exhibit 16**;[16] Pastor Dewey Moede, "COVID Shutdown is Destroying New Mexico! Where is The NM GOP? HELLO!!??!!," FGGAM.ORG (Sept. 1, 2020), attached hereto as **Exhibit 17**;[17] Brandon Showalter, "New Mexico Megachurch sues state over policy limiting gatherings to 5 or fewer," CHRISTIAN POST, (April 15, 2020), attached hereto as **Exhibit 18**;[18] Pastor Dewey Moede, "UPDATED: Legacy Church in ABQ Files a Request for an Injunction in Federal Court to Stop Gov. Lujan Grisham's Order Against Churches," FGGAM.ORG (April 13, 2020), attached hereto as **Exhibit 19**.[19]

14.    Given that federal law forbids churches from endorsing political candidates, Pastor Steve Smothermon has additionally sought, and received, considerable nationwide attention for his conservative political advocacy and endorsements of conservative political candidates. *See*

---

[11] Available at: <https://nmopinions.com/sherry-robinson-6-26-23%2B>.

[12] Available at: <https://podcasts.apple.com/us/podcast/episode-99-inside-new-mexico-with-steve-pearce/id1455383209?i=1000505357620>.

[13] Available at: <https://nmpolitics.net/index/2012/02/forgiving-smothermon-praying-for-those-his-words-affect/>.

[14] Available at: <https://www.koat.com/article/legacy-pastor-fires-back-on-highlighted-ballot-issue/5060019>.

[15] Available at: <https://www.koat.com/article/legacy-church-stirs-the-pot-during-election-season/40788765>.

[16] Available at: <https://www.fggam.org/2020/10/abq-fire-marshall-says-the-city-and-state-police-will-be-visiting-churches-to-make-sure-public-health-orders-are-be-practiced/>.

[17] Available at: <https://www.fggam.org/2020/09/covid-shutdown-is-destroying-new-mexico-where-is-the-nm-gop-hello/>.

[18] Available at: <https://www.christianpost.com/news/new-mexico-megachurch-sues-state-over-policy-limiting-gatherings-to-5-or-fewer.html?__cf_chl_tk=xKnEsjZPMueeBH6iya5xS7e7CC9JgNT3QtKuhVbt1N0-1772483564-1.0.1.1-EGPERRpijXF0jyZCiC8fOvS4up1XE6bfYHbFzDTLNDs>.

[19] Available at: <https://www.fggam.org/2020/04/legacy-church-in-abq-files-a-request-for-an-injunction-in-federal-court-to-stop-gov-lujan-grishams-order-against-churches/>.

Jessica Priest and Jeremy Schwartz, "These 20 churches supported political candidates. Experts say they violated federal law," TEXAS TRIBUNE (Nov. 7, 2022), attached hereto as **Exhibit 20**.[20]

15. Plaintiff is a public figure, and any claims to the contrary are sanctionable under Fed. R. Civ. P. 11. If the Plaintiff does indeed deny this allegation, Defendants will file a motion for sanctions under Fed. R. Civ. P. 11.

**The Claims Are Brought Against Non-Actionable
Speech Made in Good Faith Without Actual Malice.**

16. This Complaint is brought because Defendants made a post on their Facebook page "Cracker Barrel's WOKE Past Comes Back to Light" that detailed criticized Cracker Barrel's rebranding and political activism efforts (the "Facebook Post"). *See* Facebook Post, attached hereto as **Exhibit 21**.

17. "Woke" is a term that defies a clear definition. "The tug-of-war over definition is evident: one side sees **'woke' as 'aware and compassionate', the other side sees **'woke' as 'oversensitive and radical.'" Matthew J. Cahill, "Woke: How a Word Went Global, Went Viral, and Got Weaponized," PERCIPIO COMPANY (Dec. 4, 2025).[21]

18. These policy shifts at Cracker Barrel were spearheaded by an executive at the company named Steve Smotherman. *See* **Exhibit 21**.

19. Defendants spelled Mr. Smotherman's name correctly in the post.

20. Defendants wished to include a photograph of Steve Smotherman in the Facebook Post and performed a Google image search for Mr. Smotherman.

21. A Google image search for Steve Smotherman primarily returned, and still primarily returns to this day, images of Steve Smothermon. *See* Google Search Results, attached hereto as **Exhibit 22**.

22. Defendants did not know that the images Google showed them were not of Cracker Barrel's Steve Smotherman.

---

[20] Available at: <https://www.texastribune.org/2022/11/07/churches-list-violations-johnson-amendment/>.
[21] Available at: <https://percipiocompany.com/woke-how-a-word-went-global-went-viral-and-got-weaponized/>.

23. Despite using reasonable care, they inadvertently published a photo of someone else with the Facebook Post.

24. The Post correctly identified that Steve Smotherman spearheaded Cracker Barrel's LGBT inclusion and DEI efforts.

25. The photo the Defendants posted does not even remotely resemble Plaintiff Smothermon, at least not as he appears today.

26. Smothermon and Smotherman are phonically identical and are difficult to tell apart even when using reasonable care.

27. Defendants did not know the photo they obtained by searching for Steve Smotherman in Google image search was actually a photograph of Plaintiff Smothermon.

28. Moreover, the photograph that they selected for the Facebook Post did not resemble Steve Smothermon's present-day appearance. The left image below is the image included in Defendants' Facebook Post, while the right image is from a video Steve Smothermon posted from August 21, 2025, the day before the Facebook Post:

 

29. These do not even remotely look like the same person and no reasonable person who knows the man on the left would presume that the man on the right is the same person.

30. If a person were to create a "missing" poster for Plaintiff Smothermon, and they used the photo on the left, it would be a reasonable conclusion that the person had no interest in actually finding Steve Smothermon.

31.    Defendants used the photograph of Steve Smothermon in good faith, as that term is described in the Nevada Anti-SLAPP statute and without actual malice as that term is defined under *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964) and its progeny.

### The Facebook Post is Not Defamatory.

32.    In the Facebook Post, Defendants stated that Cracker Barrel's Steve Smotherman was a "former Cracker Barrel management and training leader" and that he "joined the Human Rights Campaign's (HRC) Business Advisory Council" after he left Cracker Barrel. **This statement is true.**

33.    The Facebook Post additionally stated that Cracker Barrel's Steve Smotherman "founded an LGBT employee group" at Cracker Barrel, "helped move Cracker Barrel's HRC Corporate Equality Index score from ZERO in 2002 to 80 by 2021," stopped Cracker Barrel from discriminating on the basis of sexual orientation," and "championed corporate activism." This statement is true.

34.    The Facebook Post was about Steve Smotherman, and to the best of Defendants' knowledge, the post is true as to Steve Smotherman.

35.    The Facebook Post was not about Steve Smothermon. However, even if it was, the statements made in it by Defendants would not tend to lower Steve Smothermon in the estimation of the community, excite derogatory opinions about Steve Smothermon, or hold Steve Smothermon up to contempt.

36.    In fact, at least half of the country, if not more, would find these statements to be praise that Steve Smothermon had not earned.

37.    In other words, the statements made in the Facebook Post are not capable of a defamatory meaning, and do not defame Steve Smothermon, nor do they defame Steve Smotherman, nor anyone else.

38.    It is not defamatory to state that someone works or worked as an executive for Cracker Barrel.

39. It is not defamatory to state that someone stopped a form of unlawful discrimination. In fact, it is generally a compliment to say so.

40. It is not defamatory to state that someone founded an employee support group. In fact, it is generally a compliment to say so.

41. It is not defamatory to state that someone improved a company's HRC Corporate Equality Index score. In fact, it is generally a compliment to say so.

42. It is not defamatory to state that someone is engaged in corporate activism. In fact, it is generally a compliment to say so.

43. The descriptors "woke," "anti-American," and "anti-family values" are subjective labels, rhetorical hyperbole, and expressions of opinion. Thus, they are protected by the First Amendment to the United States Constitution and Art. I, § 9 of the Nevada Constitution.

44. Defendants did not defame Steve Smothermon.

## SECOND AFFIRMATIVE DEFENSE

### Plaintiff's Damages, if Any, Were Caused in Whole or in Part by Third Parties Over Whom Defendants Had No Control.

The following rebuts any proof that Plaintiff may offer:

45. If there were any damages from Smothermon being confused with Smotherman in an image search, the liability should lie with the image search platform, not with those who innocently used it.

46. Plaintiff's damages, if any, were caused in whole or in part by Plaintiff's own actions. These actions include a KOAT TV identifying the Plaintiff as "Steve Smotherman." *See* **Exhibit 15**. On information and belief, Smothermon has never tried to correct the KOAT TV identification of him as "Steve Smotherman."

47. Plaintiff's damages, if any, were caused in whole or in part by YouTube identifying the Plaintiff as "Steve Smotherman," attached hereto as **Exhibit 23**. On information and belief, Smothermon has never tried to correct the YouTube's identification of him as "Steve Smotherman."

48.    Plaintiff's claims are barred by his failure to mitigate his damages, if any.

49.    Those damages could have been mitigated by Smothermon requiring corrections to YouTube or KOAT TV for the misspelling of his name, and the eventuality that others might secondarily make the same error.

50.    Plaintiff's damages and injuries, if any, are not attributable to any act, omission, or other conduct on the part of Defendants.

## THIRD AFFIRMATIVE DEFENSE
### The Complaint Fails to Allege Special Damages and/or Specific, Quantifiable Economic Loss.

51.    No further allegations necessary for this affirmative defense.

## FOURTH AFFIRMATIVE DEFENSE

### The Defendants Rely on the Wire Service Defense.

The following rebuts any proof that Plaintiff may offer:

52.    Third party, reliable media outlets and search engines spelled the Plaintiff's name as "Steve Smotherman."

53.    For example, a Google search for "Steve Smotherman" returns primarily images that on information and belief are the Plaintiff. *See* **Exhibit 22**.

54.    Given that these sources were reliable, it was reasonable for the Defendants to rely upon them in their publication.

55.    The re-publication of the third party information was not done with actual malice.

## FOURTH AFFIRMATIVE DEFENSE

### Defendants Were Not Negligent in Making the Facebook Post.

The following rebuts any proof that Plaintiff may offer:

56.    As Plaintiff is a public figure, negligence is not the standard here, and Plaintiff is required to show actual malice. Nevertheless, in the alternative, Defendants can and will refute any claim that they were negligent.

57.    Defendants had a duty to use reasonable care in finding and posting the correct photo. Defendants used reasonable care and did not breach that duty.

58. Commonly used search engines, such as Google, return Plaintiff's photos when an Internet user searches for "Steve Smotherman." *See* **Exhibit 22**.

59. In fact, photos of Plaintiff are the vast majority of the results when an Internet search is performed for "Steve Smotherman." *See* **Exhibit 22**.

60. In multiple public-facing sources, Plaintiff's name is even spelled "Steve Smotherman." *See* **Exhibit 23**.

61. A person of ordinary intelligence and diligence would reasonable conclude that searching for "Steve Smotherman" in a search engine would primarily result in images of "Steve Smotherman."

62. "Steve Smothermon" and "Steve Smotherman" are so alike phonetically and visually that a person using ordinary care could easily confuse the two.  ECF No. 1 at ¶¶ 33, 42.

63. "Steve Smothermon" and "Steve Smotherman" are often confused, even by professional journalists. *See* **Exhibit 15**.

64. Defendants had no motivation to use an incorrect photo.

65. Even if Defendants had taken extra, and unnecessary, care, the photo that was returned, and that they are alleged to have used, looks nothing like what Plaintiff looks today.

66. Even if Defendants failed to use reasonable care, which they did not, this failure was not the cause of any harm to Plaintiff.

67. Even if Defendants breached their duty of care, which they did not, Plaintiff's damages for such breach are *de minimis*, if any, or cannot be proven.

**Matters of Opinion.**

68. The complaint *passim* contains many allegations that are mere matters of opinion or taste, which are non-actionable.

69. This includes allegations that are mere disputes of taste or opinion, and it includes also statements of pure opinion in the Facebook post that predicated this complaint.

70. There is no remedy available for a difference of opinion.

## RESERVATION OF DEFENSES

71.    No defenses are affirmatively waived and other defenses, legal and factual, may be asserted as the case develops.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants hereby pray for relief as follows:

A.    That Plaintiff Smothermon takes nothing by way of the Complaint;

B.    That the Complaint be dismissed with prejudice;

C.    That the Court approve Keith Hodge, Kevin Hodge, and Hodgetwins, LLC affirmative defenses;

D.    That the Court specifically find that Steve Smothermon is a public figure;

E.    That the Court award Keith Hodge, Kevin Hodge, and Hodgetwins, LLC their attorneys' fees and costs pursuant to its inherent power and the Nevada Anti-SLAPP law;[22] and,

F.    That the Court award Keith Hodge, Kevin Hodge, and Hodgetwins, LLC such other relief as the Court deems proper.

Dated: March 17, 2026          Respectfully Submitted,
                               /s/ Ronald D. Green
                               Marc J. Randazza, NV Bar No. 12265
                               Ronald D. Green, NV Bar No. 7360
                               Alex J. Shepard, NV Bar No. 13582
                               RANDAZZA LEGAL GROUP, PLLC
                               8991 W. Flamingo Rd., Ste. B
                               Las Vegas, NV 89147
                               Attorneys for Defendants,
                               Keith Hodge, Kevin Hodge, and Hodgetwins, LLC.

---

[22] A brief to support this is forthcoming.

Case No. 2:25-cv-01858-APG-BNW

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 17, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Ronald D. Green
RONALD D. GREEN