**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Pastor Steve Smothermon, | Case No. 2:25-cv-01858-APG-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Kevin Hodge, et al., | |
| Defendants. | |

Before this Court is Plaintiff's motion to strike Defendants' amended answer to the complaint. ECF No. 45. Defendants responded at ECF No. 46, and Plaintiff replied at ECF No. 47. Motions to strike affirmative defenses are not dispositive, so the undersigned may decide this motion on an order basis. *See Bradford v. Daniels*, No. 21-CV-00493-RFB-VCF, 2023 WL 6392466, at *1 (D. Nev. Sept. 30, 2023). For the reasons discussed below, this Court denies Plaintiff's motion.

**I.     BACKGROUND**

Plaintiff is a "conservative, Bible-based pastor and the longtime leader of Legacy Church in New Mexico." ECF No. 1 at 1. Defendants are twin brothers who have gained a following through their YouTube channel and social media outlets where they share their conservative views on politics, culture, and current events. *Id.* at 3–4. At issue here, Defendants made a Facebook post regarding Cracker Barrel's new "woke" branding and DEI initiatives. *Id.* at 6. As part of that post, Defendants included a picture of Plaintiff Steve Smother*mon* as opposed to Cracker Barrel's DEI executive Steve Smother*man*. *Id.* at 7. Plaintiff alleges widespread backlash, criticism, and reputational damage from the incident. *Id.* at 8.

Plaintiff previously moved to dismiss Defendants' answer. ECF No. 40. He argued that Defendants' counterclaims for declaratory judgment should be dismissed under Rule 12(b)(6) because they were redundant, mirror images of Plaintiff's complaint. *Id.* at 2–3. He further argued that Defendants' 18 exhibits should be stricken from their answer under Rule 12(f) as impertinent

or scandalous. *Id.* at 4. Defendants did not respond but filed an amended answer. ECF No. 43. The district judge denied the motion to dismiss as moot because it was directed to a prior version of the answer. ECF No. 50.

In their amended answer, Defendants removed their counterclaims for declaratory judgment and added more exhibits (24 total). ECF No. 43. Plaintiff filed a motion to strike this amended answer. ECF No. 45. He argues that the court should strike the affirmative defenses under Rule 12(f) because they consist of lengthy factual narratives. *Id.* at 2–3. He further argues that the exhibits should be stricken as impertinent and scandalous. *Id.* at 3. Finally, Plaintiff argues that the court should recharacterize the affirmative defenses as counterclaims (because Defendants copied the factual allegations and exhibits from their prior counterclaims and put them under affirmative defenses instead) and dismiss them. *Id.* at 3–4.

Defendants respond that there is no legal basis to strike affirmative defenses that are too specific. ECF No. 46 at 4. Defendants further contend that the exhibits relate to Plaintiff's pervasive fame, which is a disputed and substantial issue because it concerns whether Plaintiff is a public figure for purposes of his defamation claim. *Id.* at 5–6. Lastly, Defendants argue that there is no legal basis to construe a defendant's affirmative defenses as counterclaims against their will. *Id.* at 6–7.

Plaintiff replies that the lengthy affirmative defenses do not comply with Rule 8's short-and-plain-statement requirement. ECF No. 47 at 2. Plaintiff further argues that the exhibits are improper and prejudice him because they bypass the discovery process and deprive Plaintiff the ability to litigate the admissibility and weight of summary-judgment evidence via the pleadings. Plaintiff then cites legal authority for the proposition that if a party mistakenly designates a counterclaim as an affirmative defense, courts should treat the pleading as though it were correctly designated if justice so requires. *Id.* at 3–4. He uses this to argue that the "inverse" is true, that is, affirmative defenses that are really counterclaims should be treated as such. *Id.*

/ /

/ /

/ /

## II.    DISCUSSION

### A.  Legal Standard

Under Rule 12(f), courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A defense is insufficiently pled if it fails to give the plaintiff fair notice of the nature of the defense. *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). A matter is immaterial if it has no essential or important relationship to the claim for relief pleaded, and it is impertinent if it does not pertain and is not necessary to the issues in question in the case. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993), *rev'd on other grounds*, 510 U.S. 517 (1994). "Scandalous under Rule 12(f) 'generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court.' It has also been said to encompass allegations that 'improperly cast a derogatory light on someone.'" *Doe 1 v. Univ. of San Francisco*, 685 F. Supp. 3d 882, 894–95 (N.D. Cal. 2023) (quoting *Anderson v. Davis Polk & Wardwell LLP*, 850 F. Supp. 2d 392, 416 (S.D.N.Y. 2012) and *Asher & Simons, P.A. v. j2 Global Canada, Inc.*, 965 F. Supp. 2d 701, 704 (D. Md. 2013)).

Rule 8 provides that, a party must "state in short and plain terms its defenses to each claim asserted against it" when responding to a pleading. Fed. R. Civ P. 8(b)(1)(A). "In pleading an affirmative defense, a defendant must comply with Rule 8's requirement of a "short and plain" statement to give the opposing party fair notice of the defense and the grounds upon which it rests." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F.Supp.2d 1167, 1171 (N.D. Cal. 2010). Rule 8(c)(2) provides: "If a party *mistakenly* designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so." Fed. R. Civ. P. 8(c)(2) (emphasis added).

Motions to strike are disfavored. *Roadhouse v. Las Vegas Metro. Police Dep't*, 290 F.R.D. 535, 543 (D. Nev. 2013); *see also Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 965 (9th Cir. 2014). "Given their disfavored status, courts often require a showing of prejudice by the moving party before granting the requested relief." *Roadhouse*, 290 F.R.D. at 543 (citations omitted); *see*

*also Schaefer v. Hersha Hosp. Mgmt., L.P.,* No. CV 20-2980-JFW(AFMX), 2020 WL 11272308, at *1 (C.D. Cal. May 12, 2020).

### B. This Court will not strike Defendants' affirmative defenses on the grounds that they contain lengthy, factual narratives.

Plaintiff cites *Barnes v. AT&T Pension Ben. Plan* for the proposition that the Ninth Circuit "has routinely struck affirmative defenses that consist of lengthy factual narratives or fail to comply with Rule 8's 'short and plain statement' requirement." ECF No. 45 at 3. Plaintiff also cites *Rosen v. Masterpiece Marketing Group* for the rule that affirmative defenses are not a vehicle for lengthy factual narratives. *Id.* at 2. Neither case provides a legal basis to strike Defendants' affirmative defenses on the basis that they are too lengthy.

In *Barnes*, the district court for the Northern District of California considered whether to strike affirmative defenses as insufficient because they lacked sufficient supporting factual allegations. 718 F.Supp.2d at 1170. The court found that the defendant had "not alleged sufficient facts to provide notice to [the plaintiff] as to the nature of any of its affirmative defenses." *Id.* at 1172. This case is distinct because here Plaintiff is not arguing that Defendants alleged insufficient facts or did not provide fair notice.

In *Rosen*, the district court for the Central District of California considered the plaintiff's arguments that the defendant's affirmative defenses were "bare statements of a legal doctrine, without any attendant facts" and that "[n]one of the defenses withstand the minimal legal burden placed on Defendant to put Plaintiff on fair notice of the defenses asserted against him." *Rosen*, 222 F. Supp. 3d 793, 797 (C.D. Cal. 2016). As explained above, this case is distinct because Plaintiff is making a different argument—that Defendants' affirmative defenses are too lengthy.

In sum, Plaintiff has put forth no legal authority to support the notion that courts may strike affirmative defenses that consist of lengthy factual narratives. Rule 12(f) and Rule 8(a) are concerned with whether a plaintiff has fair notice of the nature of the defense. *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979); *see also Barnes*, 718 F. Supp. 2d at 1171. Here, Plaintiff does not argue that he does not have fair notice of the defenses. Absent lack of fair

notice, this Court will not strike Defendants' affirmative defenses on the grounds that they are lengthy, factual narratives.[1]

### C. This Court will not strike Defendants' exhibits.

Plaintiff contends that the 23 exhibits attached to the amended answer are redundant, immaterial, impertinent, and scandalous. These exhibits include:

- Legacy Church "Who We Are" and "App" Webpage. ECF No. 43, Exhibits 1 and 3.
- Legacy Church's 2024 Annual Report. *Id.*, Exhibit 2.
- Legacy Church YouTube Account. *Id.*, Exhibit 4.
- Legacy Church YouTube Video. *Id.*, Exhibit 5.
- Steve Smothermon and Legacy Church Instagram Accounts. *Id.*, Exhibits 6 and 7
- Steve Smothermon Amazon Author Page. *Id.*, Exhibit 8.
- Article on Legacy Church hosting Charlie Kirk Event. *Id.*, Exhibit 9.
- Articles and podcasts in which Steve Smothermon has commented on New Mexico politics. *Id.*, Exhibits 10–15, 20.
- Articles in which Steve Smothermon has commented on COVID-19 polices. *Id.*, Exhibits 16–19.
- Defendants' Facebook post regarding Cracker barrel, which is the subject of Plaintiff's complaint. *Id.*, Exhibit 21.
- Google Search Results of Steve Smothermon. *Id.*, Exhibit 22.
- YouTube's identification of Pastor Steve Smothermon as Cracker Barrel's executive Steve Smotherman. *Id.*, Exhibit 23.

These exhibits all concern whether Plaintiff is a public figure such that the actual-malice standard applies to his defamation claim. Plaintiff claims this is immaterial and impertinent

---

[1] Plaintiff argues for the first time in his reply that the "narrative and exhibits should be stricken as immaterial and improper under Rule 12(f)." ECF No. 47 at 3. Courts will not consider arguments for the first time on reply. *Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived."). Moreover, this argument is undeveloped as Plaintiff does not explain why the narrative is immaterial and improper.

because he has accepted the pleading burden of actual malice in his complaint. ECF No. 45 at 3. As Defendants point out, "accepting a pleading burden" is not the same as making a factual or legal concession that Plaintiff is a public figure. Thus, this Court cannot say that exhibits concerning Plaintiff's public status have no relationship to the claim for relief (immaterial), are not necessary to the issues in question (impertinent), or are redundant. As to whether the exhibits are scandalous, Plaintiff claims that Defendants curated the exhibits to smear him. ECF No. 45 at 3. He does not provide any additional explanation in his motion or reply. The exhibits contain posts and articles by Legacy Church and Plaintiff, articles Plaintiff purposefully contributed to, and posts central to the defamation claim. None of the exhibits appear curated to smear Plaintiff. In any event, the exhibits do not unnecessarily reflect on his moral character or state anything repulsive (scandalous).

Even if this Court were to find that the exhibits are redundant, immaterial, impertinent, and scandalous, Plaintiff has not shown that he is prejudiced by them. Plaintiff has not explained how these exhibits "bypass the discovery process," and such exhibits are not automatically admissible at summary judgment. *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764 (9th Cir. 2002) (stating that unauthenticated documents cannot be considered in a motion for summary judgment). The exhibits will not be stricken.

### D. This Court will not recharacterize Defendants' affirmative defenses as counterclaims.

This Court will not force Defendants to litigate counterclaims they did not plead by recharacterizing their affirmative defenses as counterclaims. The reasoning in *JN Group Holdings Inc. v. Ryan* is on point and persuasive. No. CV 17-00375 ACK-KJM, 2017 WL 11616077 (D. Haw. Dec. 21, 2017). There, the district court for the District of Hawai'i considered this precise issue: whether it should treat certain affirmative defenses as counterclaims under Rule 8(c)(2) per the plaintiff's request. *Id.* at *1. The court declined to do so because the defendants did not "mistakenly" designate their affirmative defenses. *Id.* at *2. In reaching this conclusion, the court stated it could find no cases "where a court granted a party's request to utilize Rule 8(c)(2) to designate another party's affirmative defense as a counterclaim over that party's objection,

thereby forcing the objecting party to litigate a claim that it had made a conscious decision not to assert." *Id.* Similarly here, it is clear that Defendants did not mistakenly assert counterclaims as affirmative defenses. They filed an amended complaint that specifically removed the counterclaims and brought them as affirmative defenses instead. This Court will not force Defendants to litigate counterclaims they purposefully did not assert.

## III.    CONCLUSION

**IT IS ORDERED** that Plaintiff's motion to strike Defendants' affirmative defenses (ECF No. 45) is **DENIED**.


DATED: May 5, 2026


_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE