Marc J. Randazza, NV Bar No. 12265
Ronald D. Green, NV Bar No. 7360
Alex J. Shepard, NV Bar No. 13582
Randazza Legal Group, PLLC
8991 W. Flamingo Rd., Ste. B
Las Vegas, NV 89147
Telephone: 702-420-2001
ecf@randazza.com

Attorneys for Defendants
Keith Hodge, Kevin Hodge, and Hodgetwins, LLC

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| PASTOR STEVE SMOTHERMON,<br><br>Plaintiff,<br><br>v.<br><br>KEITH HODGE, an individual; KEVIN HODGE, an individual; HODGETWINS, LLC, a limited liability company,<br><br>Defendants. | Case No. 2:25-cv-01858-APG-BNW<br><br>**DEFENDANTS' MOTION TO RECONSIDER ORDER DENYING MOTION TO CONTINUE HEARING [ECF NO. 59]**<br>**EXPEDITED RELIEF SOUGHT** |

Defendants Keith Hodge, Kevin Hodge, and Hodgetwins, LLC ("Defendants") respectfully move this Court under Local Rule 59-1 and Federal Rule of Civil Procedure 54(b) to reconsider its Order of July 23, 2026 (ECF No. 59) denying Defendant's Motion to Continue the Hearing currently set for August 3, 2026.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1.0    INTRODUCTION**

Defendants sought a short continuance of Plaintiff's Motion for Leave to File First Amended Complaint hearing for one reason: all of Defendant's counsel of record had plans to be out of Las Vegas on the date the hearing was set, of which Plaintiff's counsel was timely informed. The request was made promptly, in good faith, and as far in advance of the hearing as it could have been. It was Defendants' first request for a continuance of this hearing.

Plaintiff refused to stipulate, identifying no prejudice, and the Court denied Defendants' motion. Defendants respectfully submit that the denial was unjust and warrants reconsideration under Local Rule 59-1(b)(2). The Ninth Circuit has held that where "there is no indication of bad faith, prejudice, or undue delay, attorneys should not oppose reasonable requests for extensions of time brought by their adversaries." *Ahanchian v. Xenon Pictures, Inc*., 624 F.3d 1253, 1263 (9th Cir. 2010). This Court's own Local Rules, the oath every attorney takes upon admission to this Court's bar, and the State Bar of Nevada's Creed of Professionalism and Civility all treat the accommodation of opposing counsel's previously scheduled periods out of the office as the professional norm—not a favor to be strategically withheld. Denying the continuance rewards Plaintiff's refusal of a basic professional courtesy, and the Ninth Circuit has observed: "we lament the decline of collegiality and fair-dealing in the legal profession today, and believe courts should do what they can to emphasize these values." *Bateman v. U.S. Postal Serv*., 231 F.3d 1220, 1223 n.2 (9th Cir. 2000).  Defendants ask the Court to emphasize these values.

## 2.0    RELEVANT BACKGROUND

1.    The Plaintiff's Motion for Leave to File First Amended Complaint hearing is set for August 3, 2026, at 11:00 a.m. (ECF No. 54).

2.    Each of Defendant's attorneys of record Marc J. Randazza, Ronald D. Green, and Alex J. Shepard had pre-planned to be out of the office well before the hearing was set.

3.    On July 21, 2026, Defendants counsel promptly notified Plaintiff's counsel of the conflict, proposed  alternative dates and requested a stipulation to continue.  Initially, Plaintiff's counsel, Mr. Jackson, did not indicate that he opposed a short continuance, but he wanted to confirm the time of the hearing on the requested continuance date.  However, Ms. Westbrook refused, articulating no prejudice from a brief continuance.

4.    Defendants moved to continue on July 22 (ECF No. 55), the first continuance Defendant has requested. On July 23, the Court denied the motion (ECF No. 59).

5.    Defendants moved on an emergency basis solely to ensure the Court examined their Motion prior to the date of the hearing. Given LR 6-1, this might have been unnecessary, but

Defendants were attempting to alert the Court to their request as quickly as possible so that the issue could be quickly resolved.

6.     No trial date will be affected by the requested continuance, and the case remains within the deadlines set by the operative scheduling order.

**3.0     LEGAL STANDARD**

A district court retains inherent authority to revise its interlocutory orders at any time before entry of final judgment. Fed. R. Civ. P. 54(b); *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). Under this Court's Local Rule 59-1(b), reconsideration is appropriate where, among other grounds, "the initial decision was manifestly unjust." LR 59-1(b*); see also Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc*., 5 F.3d 1255, 1263 (9th Cir. 1993). This Motion is brought the very day of the challenged order and therefore within a reasonable time. LR 59-1(a).

In reviewing the denial of a continuance, the Ninth Circuit considers (1) the movant's diligence, (2) the likelihood that a continuance would serve its purpose, (3) the inconvenience to the court and opposing party, and (4) the prejudice the movant suffers from denial. *United States v. Flynt*, 756 F.2d 1352, 1358–59 (9th Cir. 1985), *amended*, 764 F.2d 675 (9th Cir. 1985). That discretion is exercised against the backdrop of Rule 1's command that the rules be administered "to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1; *Ahanchian*, 624 F.3d at 1258–59 (case-management discretion is "circumscribed" by Rule 1).

**4.0     ARGUMENT**

**4.1     Denying a First, Timely, Good-Faith Continuance Request Occasioned by Counsel's Long-Scheduled Vacations Was Unjust.**

Every *Flynt* factor favors a continuance here. Defendant was diligent: counsel raised the conflict promptly upon learning of it, met and conferred, offered alternative dates, and moved well before the hearing – albeit not with enough time for the matter to be briefed before the scheduled date of August 3, 2026. Defendants moved on an emergency basis to ensure that the Court reviewed its Motion prior to the hearing date.

The continuance would fully serve its purpose: it would allow Defendant to be represented at a substantive hearing by its chosen counsel of record, in person.

The inconvenience is minimal: a short resetting of a single hearing, within the existing case schedule, prejudices no one—and Plaintiff identified no prejudice when refusing to stipulate. The prejudice to Defendants from denial, by contrast, is palpable: a party effectively deprived of its counsel attending a hearing in person that may materially affect its rights.

In *Ahanchian*, the Ninth Circuit reversed the denial of a modest extension supported by "what most reasonable jurists would regard as good cause and the absence of prejudice to anyone," including counsel's "preplanned absence" on an out-of-state commitment. 624 F.3d at 1256–57. The court held that denying such a request was an abuse of discretion, and it pointedly criticized opposing counsel who, "without regard to the previous professional courtesies extended" to them, "vigorously opposed" the request. *Id*. Personal absences from the office are at least as compelling as the preplanned absence in *Ahanchian*. Nothing in the record suggests bad faith, gamesmanship, or delay by Defendant; this is precisely the routine accommodation that the just administration of Rule 1 requires.

### 4.2     Plaintiff's Refusal to Stipulate Contravened the Civility Standards Adopted by This Court and by the State Bar of Nevada.

And certainly, each of the attorneys of record can step away from their previously scheduled activities to appear remotely. There is no impossibility here, and if that is what must happen, it will. But the Court should at least consider that when it rewards incivility, it is cultivating a crop of incivility that will ultimately rot on the fields of justice.

Judges of this District have not hesitated to enforce the expectation of professionalism and civility when counsel fall short of them. This generally fosters a good environment in this district. However, when incivility and a refusal to stipulate to an even brief continuance is given a stamp of approval by the Court, that cultivation of a civil environment unravels. What purpose does civility serve if a lack of it is given a reward?

The State Bar of Nevada's Creed of Professionalism and Civility speaks directly to this situation. Nevada lawyers pledge: "We will endeavor to accommodate previously scheduled dates for hearings, depositions, meetings, conferences, vacations, seminars, or other functions of other counsel," and "We will explain to our clients that cooperation is the professional norm." State Bar of Nevada, Creed of Professionalism and Civility. The Nevada Lawyer has likewise reminded practitioners that extensions of time and scheduling accommodations "are a matter of professional courtesy," that such decisions belong to the attorney rather than the client, and that refusing them reflects a mistaken belief that courtesy "signifies weakness." *Civility: A Guide for Attorneys*, Nev. Law., May 2023, at 9–10 https://nvbar.org/wp-content/uploads/NevadaLawyer_May2023_Civility-Guide.pdf).

The Ninth Circuit has adopted the same principle: absent "bad faith, prejudice, or undue delay, attorneys should not oppose reasonable requests for extensions of time brought by their adversaries." *Ahanchian*, 624 F.3d at 1263; *see also Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997) ("There is no better guide to professional courtesy than the golden rule: you should treat opposing counsel the way you yourself would like to be treated."). Plaintiff's refusal to stipulate to a brief continuance where all defense counsel have personal conflicts, and where Plaintiff can identify no prejudice is the kind of incivility that these authorities condemn.

### 4.3    Granting Reconsideration Vindicates the Court's Role in Fostering Civility; Leaving the Order in Place Rewards Its Absence.

Courts do not merely referee civility between counsel; their rulings create the incentives that determine whether civility survives. The Ninth Circuit has "lament[ed] the decline of collegiality and fair-dealing in the legal profession" and instructed that "courts should do what they can to emphasize these values." *Bateman*, 231 F.3d at 1223 n.2. In *Ahanchian*, the court observed that the district court's inflexible rulings "compound[ed] the harshness" of opposing counsel's refusal of professional courtesy and effectively ratified "hardball tactics designed to avoid resolution of the merits." 624 F.3d at 1262–63. When a court denies a reasonable, prejudice-free accommodation that professional norms obligated opposing counsel to extend voluntarily, it

teaches lawyers that incivility pays.  Thus, every future request for ordinary courtesy in this District becomes harder to obtain.

This Court can reaffirm civility and reasonableness here at essentially no cost: a brief continuance, to a date convenient to the Court, with no effect on the trial schedule.

**5.0    CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court reconsider its Order of July 23, 2026 (ECF No. 59), vacate that Order, grant the motion to continue, and reset the August 3, 2026, hearing to August 5, 6, 7, 12, 13, or 14, or 18 2026.  or to another date convenient for the Court.  Should the Court decline, Mr. Randazza will find a way to either reschedule his time with his son on his birthday, in whole or in part, and appear remotely.   His son will just have to understand that he only gets half a day with his dad on his birthday.

Dated: July 23, 2026.                                  Respectfully submitted,

RANDAZZA LEGAL GROUP, PLLC
/s/  Marc J. Randazza
Marc J. Randazza, NV Bar No. 12265
Ronald D. Green, NV Bar No. 7360
Alex J. Shepard, NV Bar No. 13582
RANDAZZA LEGAL GROUP, PLLC
8991 W. Flamingo Rd., Ste. B
Las Vegas, NV 89147

Attorneys for Defendants
Keith Hodge, Kevin Hodge, and Hodgetwins, LLC

Case No. 2:25-cv-01858-APG-BNW

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 23, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I further certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza