Marc J. Randazza, NV Bar No. 12265
Ronald D. Green, NV Bar No. 7360
Alex J. Shepard, NV Bar No. 13582
Randazza Legal Group, PLLC
8991 W. Flamingo Rd., Ste. B
Las Vegas, NV 89147
Telephone: 702-420-2001
ecf@randazza.com

Attorneys for Defendants
Keith Hodge, Kevin Hodge, and Hodgetwins, LLC

RANDAZZA | LEGAL GROUP

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| PASTOR STEVE SMOTHERMON,<br><br>Plaintiff,<br><br>v.<br><br>KEITH HODGE, an individual; KEVIN HODGE, an individual; HODGETWINS, LLC, a limited liability company,<br><br>Defendants. | Case No. 2:25-cv-01858-APG-BNW<br><br>**DEFENDANTS' COUNTERMOTION FOR ATTORNEYS' FEES UNDER 28 U.S.C. § 1927 [ECF NO. 74]** |

Defendants countermove under 28 U.S.C. § 1927 for the fees incurred in responding to Plaintiff's frivolous and unnecessary Motion to Strike Defendants' Notice of Errata (ECF No. 74). Defendants' concurrent Opposition to ECF No. 74 is incorporated by reference.

## 1.0 INTRODUCTION

Defendants cited the Declaration of Stephen Parker in their Opposition to ECF No. 67 but inadvertently failed to attach it. A few hours later, they realized the mistake and submitted it with a notice of errata. ECF Nos. 70 at 4, 71. Plaintiff's counsel answered with a frivolous motion, largely AI drafted, trying to remove the declaration from the docket, because it highlights her own lack of diligence and poor conduct in this litigation.

In what has been a pattern in this case, Plaintiff's counsel relies on AI to quickly bust out wasteful correspondence and motions that the Defendant must then respond to. One recent lengthy

"meet and confer" letter, for example, was 90% AI drafted. *See* Westbrook August 25, 2026 Meet and Confer Letter, attached as **Exhibit 1**; Pangram.com Analysis of Westbrook August 25, 2026 Meet and Confer Letter, attached as **Exhibit 2**. Plaintiff's Motion to Strike (ECF No. 74) largely relies on a case that actually holds the opposite of what Plaintiff's counsel tells the Court it holds. That is the second time in this litigation that counsel has done that because of reliance on AI. The first time, this Court called the misrepresentation of case law out. ECF No. 51 at 4. However, the Court was unaware that it (and the Defense) have been sparring with ChatGPT and not with a licensed attorney. This misconduct is unnecessarily running up the tab for everyone, wasting everyone's time, and will be encouraged if nothing is done about it.

## 2.0 LEGAL STANDARD

An attorney who so multiplies the proceedings unreasonably and vexatiously may be required to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. 28 U.S.C. § 1927. Reckless attorney conduct meets the § 1927 standard. *Fink v. Gomez,* 239 F.3d 989, 993 (9th Cir. 2001). Bad faith exists when an attorney knowingly or recklessly raises a frivolous argument. *New Alaska Dev. Corp. v. Guetschow,* 869 F.2d 1298, 1306 (9th Cir. 1989).

## 3.0 ARGUMENT

### 3.1 The Motion's main case holds the opposite of what counsel told the Court

The main argument is that errata may correct only ministerial errors but may never supply evidence. This comes from an isolated sentence in *Bias v. Moynihan* that notices of errata clarifying clerical errors differ from attempts to file unauthorized supplemental briefs. ECF No. 74 at 3 (quoting 508 F.3d 1212, 1224 (9th Cir. 2007)).

That sentence comes from a paragraph that describes what the *Bias* appellees did. They moved for summary judgment. The plaintiff opposed and objected to three exhibits. They then filed notices of errata correcting two exhibits, without leave of court, after the opposition was filed but before any ruling. 508 F.3d at 1224. The Ninth Circuit affirmed. *Id*. The quoted sentence is the panel's reason for approving of the errata. Counsel just parroted what the AI found – a sentence



RANDAZZA | LEGAL GROUP

that if you isolate the words, it stands for what they wanted it to. But AI doesn't read the whole case, a lawyer does. Defense counsel did. And it shows that this is an out-of-context sentence that is cordoned off as if it were the key holding in the case.

An attorney who cites a case impliedly represents that she read the case. Either counsel read page 1224 and cited it for the wrong proposition anyway, or she did not read it at all. Section 1927 applies to both possibilities, because recklessness in the practice of law is sufficient. *Fink*, 239 F.3d at 993. This is not just about *Bias* either. Attorney Westbrook's AI provided three other cases for the notion that there is prejudice when something new is added after there is no longer an opportunity to respond. ECF No. 74 at 3, 5. That is not the case here. And while the Court did order that no reply briefs were "required," it certainly did not prohibit them. But that is of no effect either. If no evidence can be attached to the opposition, then *all* the evidence attached should be stricken, no? The argument was ridiculous and raised to do nothing more than to try and run up the bill to harass the defendants.

**3.2 This is not the first time**

In March, counsel moved to strike Defendants' affirmative defenses in another vexatious and senseless motion. She told the Court that "[t]he Ninth Circuit has routinely struck affirmative defenses that consist of lengthy factual narratives," citing *Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010). ECF No. 45 at 3. But *Barnes* did not say what Westbrook said it said, and the court noticed. ECF No. 51 at 4. Once is a mistake. Twice is a pattern. And it is clear that this is AI slop. An automated authorship analysis of ECF No. 74 attributes roughly half the motion to generative output. *See* Pangram.com Analysis of ECF No. 74, attached as **Exhibit 3.** The motion is defective anyway, but these standout defects are inevitable when counsel provides authority generated by AI without confirming it, as required by Fed. R. Civ. P. 11(b)(2).

**3.3 The Motion unnecessarily multiplied the proceedings**

There was no reason for the Motion to Strike. It ostensibly seeks to strike a declaration for no reason other than it was filed a few hours after the Opposition it supported. It seeks to strike a



RANDAZZA | LEGAL GROUP

document yet raises nothing challenging the facts in that document. It just encourages the Court to never see those facts. And those facts themselves show that Plaintiff's counsel has acted in a dilatory manner.

After Plaintiff filed his unnecessary and meaningless Motion to Strike, Defendants had to respond, lest it be granted despite its complete lack of merit. Plaintiff will now file a Reply, and the Court will be forced to waste time and resources dealing with nonsense. Plaintiff's conduct must be discouraged unless this Court wants to invite more of this behavior in the future.

## 4.0 RELIEF REQUESTED

Defendants ask the Court to order Plaintiff's counsel to personally pay the reasonable attorneys' fees Defendants incurred in responding to ECF No. 74 and to answer for their provision of AI generated false citations.

## 5.0 CONCLUSION

The motion was wrong to file in the first place, and it is supported by at least the second AI misuse in this record (and there is more in the unfiled record). The Countermotion should be granted and fees awarded against Plaintiff's counsel personally, as Mr. Smothermon did not likely know that he was paying for AI slop rather than actual legal research.

Dated: September 3, 2026.

Respectfully submitted,

RANDAZZA LEGAL GROUP, PLLC
/s/ Marc J. Randazza
Marc J. Randazza, NV Bar No. 12265
Ronald D. Green, NV Bar No. 7360
RANDAZZA LEGAL GROUP, PLLC
8991 W. Flamingo Rd., Ste. B
Las Vegas, NV 89147

Attorneys for Defendants Keith Hodge, Kevin Hodge, and Hodgetwins, LLC.

RANDAZZA | LEGAL GROUP

Case No. 2:25-cv-01858-APG-BNW

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 3, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza, NV Bar No. 12265

RANDAZZA | LEGAL GROUP