# EXHIBIT 3

Pangram.com AI Analysis of
Plaintiff's Motion to Strike Defendants'
Notice of Errata and the Attached
Declaration of Stephen Parker
[ECF No. 74]

Pangram. Pangram 4.0

# AI Detection Report for 074 - Plaintiff's Motion to Strike Notice of Errata.pdf

Sep 3, 2026 | 2,455 Words | Pangram 4.0

## Summary

We believe that this text is a mix of AI and human-written content.

### Authorship Breakdown




| | |
|---|---|
| 48.7 % of the document | AI Generated |
| 0 % of the document | Moderately AI Assisted |
| 0 % of the document | Lightly AI Assisted |
| 51.3 % of the document | Human Written |

### Authorship Progression



Pangram.

**Human Written** | 278 Words | High Confidence

Case 2:25-cv-01858-APG-BNW Document 74 Filed 09/02/26 Page 1 of 8 1 2 3 4 5 6 G. Michael Jackson, State Bar No. 1894 Nicole A. Westbrook, pro hac vice JONES, DAVIS & JACKSON, P.C. 25350 Magic Mountain Parkway, Suite 300 Valencia, CA 91355 Telephone: (661) 481-2220 Facsimile: (661) 836-7711 Email: mjackson@jonesdavis.com nwestbrook@jonesdavis.com Attorneys for Plaintiff Pastor Steve Smothermon 7 UNITED STATES DISTRICT COURT 8 DISTRICT OF NEVADA 9 10 PASTOR STEVE SMOTHERMON, 11 12 13 14 15 Case No.: 2:25-cv-01858-APG-BNW PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' NOTICE OF ERRATA (ECF NO. 71) AND THE ATTACHED DECLARATION OF STEPHEN PARKER Plaintiff, v. KEITH HODGE, an individual; KEVIN HODGE, an individual; HODGETWINS, LLC, a Nevada limited liability company; Defendants. 16 17 Plaintiff Pastor Steve Smothermon respectfully moves, under Local Rule 7- 18 2(g), to strike Defendants' Notice of Errata (ECF No. 71) and the Declaration of 19 Stephen Parker attached to it or, in the alternative, for leave to respond to that 20 declaration. Through the "errata," Defendants added to the record a non-party's 21 sworn declaration — the declaration of counsel for Nathan Hughes and 22 DiamondHands, LLC d/b/a Bigly — as evidence on Plaintiff's Motion to Modify 23 the Scheduling Order (ECF No. 67), without leave of Court as Local Rule 7-2(g) 24 requires. The filing is not an errata. It is a supplemental submission of new evidence. 25 It should be stricken. 26 27 1[FF]Case 2:25-cv-01858-APG-BNW Document 74 Filed 09/02/26 Page 2 of 8 I.

**Fully AI Generated** | 260 Words | High Confidence

BACKGROUND 1 On August 24, 2026, Defendants filed their Opposition to Plaintiff's Motion 2 to Modify the Scheduling Order. ECF No. 70. The Opposition was supported by the 3 Declaration of Ronald D. Green and eight exhibits. ECF Nos. 70-1 through 70-9. 4 The Parker Declaration was not among those attachments. 5 Later the same day, Defendants filed a "Notice of Errata" to that Opposition. 6 ECF No. 71. The only attachment is "Exhibit A — Declaration of Stephen Parker." 7 ECF No. 71-1. The Notice states that "[t]he Opposition cites to the Declaration of 8 Stephen Parker, but the filed Opposition did not include Mr. Parker's declaration," 9 and that Defendants "wish to correct this error." ECF No. 71 at 1. They did not move 10 for leave to supplement. Mr. Parker executed the declaration on August 21, 2026 — 11 three days before the Opposition was filed. ECF No. 71-1 at 3. 12 Mr. Parker is not a party. He is counsel for Nathan Hughes and 13 DiamondHands, LLC d/b/a Bigly. He states that he is "authorized to speak for Mr. 14 Hughes and Bigly with respect to the scheduling of Mr. Hughes deposition." ECF 15 No. 71-1 ¶ 4. The declaration then goes further. Paragraphs 5 through 9 offer 16 testimony about subpoena service, the August 26 date, a court reporter, and whether 17 a Rule 30(b)(6) deposition of Bigly was requested. Paragraph 10 states that "Mr. 18 Hughes and Bigly have complied with all requests by Ms.

**Human Written** | 623 Words | High Confidence

Westbrook." ECF No. 71- 19 1 ¶¶ 5–10. That compliance assertion is contested. It is not a typographical correction 20 to the Opposition. 21 Plaintiff files this Motion so the Court will not treat the Parker Declaration as 22 part of the opposition record. 23 II. LEGAL STANDARD 24 Local Rule 7-2(g)

Pangram.

**Human Written** | 623 Words | High Confidence

is controlling and is quoted here as this Court has quoted it: 25 A party may not file supplemental pleadings, briefs, 26 authorities, or evidence without leave of court granted for 27 2 Case 2:25-cv-01858-APG-BNW Document 74 Filed 09/02/26 Page 3 of 8 good cause. The judge may strike supplemental filings 1 made without leave of court. 2 LR 7-2(g); see, e.g., Williams v. Rashid, No. 2:21-cv-01676-APG-MDC, 2026 WL 3 1679286, at *5 (D. Nev. June 9, 2026) (Gordon, C.J.) (striking errata and amended 4 briefs filed without leave because they were "new briefs with new authorities," not 5 clerical corrections); Armstrong as Tr. of R.J. Armstrong Living Tr. v. Holmes, No. 6 3:22-cv-00375-ART-CSD, 2024 WL 1744513, at *3–4, *6 (D. Nev. Apr. 22, 2024) 7 (striking a filing captioned as an "errata" that "does not contain any corrections" and 8 instead attached a declaration and supplemental briefing); 1600 E. Newlands Drive, 9 LLC v. Amazon.com.NVDC, LLC, No. 3:17-cv-00566-RCJ-WGC, 2020 WL 10 7319412, at *2 (D. Nev. Dec. 11, 2020) (striking evidence and a new argument first 11 offered in a reply, where the opposing party had no opportunity to respond). Local 12 rules "have the force of federal law." In re Corrinet, 645 F.3d 1141, 1146 (9th Cir. 13 2011); see also Hollingsworth v. Perry, 558 U.S. 183, 191 (2010). 14 A notice of errata "must explain the changes made to the corrected document." 15 LR IC 2-2(h). An errata "should only correct ministerial errors made in a previously 16 filed document that is pending before the Court." ATLP ex rel. Taylor v. CoreCivic, 17 Inc., No. 2:21-cv-02072-JCM-EJY, 2023 WL 9232967, at *2 (D. Nev. Dec. 5, 2023). 18 "Notices of errata to clarify clerical errors are substantively different from attempts 19 to file supplemental briefs unauthorized by local rules." Bias v. Moynihan, 508 F.3d 20 1212, 1224 (9th Cir. 2007). 21 New evidence filed without leave is improper where it deprives the opposing 22 party of a chance to respond. See 1600 E. Newlands Drive, 2020 WL 7319412, at 23 *2; Tovar v. U.S. Postal Serv., 3 F.3d 1271, 1273 n.3 (9th Cir. 1993) (striking extra- 24 record statistics and a counsel affidavit first offered in an appellate reply). If such 25 evidence is to be considered at all, the other side must have an opportunity to answer 26 it. See Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996) (district court erred 27 3 Case 2:25-cv-01858-APG-BNW Document 74 Filed 09/02/26 Page 4 of 8 by using new reply evidence without considering the non-movant's rebuttal). The 1 Court also has inherent authority to strike noncompliant papers from its docket. See 2 Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404–05 (9th Cir. 2010) (district 3 courts have inherent power to strike items from the docket; whether to exercise that 4 power is discretionary). 5 III. ARGUMENT 6 A. ECF No. 71 is not an errata. It is a supplemental filing of new evidence. 7 An errata "is a document that contains corrections." Armstrong, 2024 WL 8 1744513, at *3.

**Fully AI Generated** | 264 Words | High Confidence

Citing a declaration in a brief and then filing the declaration later is 9 not a correction to the brief. It is the late addition of evidence. ECF No. 71 does not 10 mark a change to the text of ECF No. 70. It attaches a new ten-paragraph affidavit 11 from a non-party's lawyer and offers that affidavit as evidence on a pending motion. 12 That is a supplement and the caption does not change the function. 13 This Court has drawn that line. Filings "do not merely fix clerical errors like 14 a typical errata" when they add "new briefs with new authorities." Williams, 2026 15 WL 1679286, at *5. The Court struck those papers under Local Rule 7-2(g) because 16 leave had not been granted. Id. The same rule reaches new evidence. LR 7-2(g) 17 (prohibiting "supplemental

Pangram.

**Fully AI Generated** | 264 Words | High Confidence

pleadings, briefs, authorities, or evidence" without leave) 18 (emphasis added). 19 Judge Denney applied the same distinction to a filing that, like this one, was 20 styled as an errata and attached a declaration. The "errata" "does not contain any 21 corrections, instead it consists of … supplemental briefing, along with a 22 declaration." Armstrong, 2024 WL 1744513, at *3. The party "did not seek leave of 23 court before filing her supplemental brief, incorrectly titled as an 'errata.'" Id. at *4. 24 The court struck it. Id. at *4, *6. 25 That is this record. Defendants filed a complete opposition on August 24, 26 2026, ECF No. 70, with a supporting declaration and eight exhibits. They had Mr.

**AI Assisted** | 34 Words | Medium Confidence

27 4Case 2:25-cv-01858-APG-BNW Document 74 Filed 09/02/26 Page 5 of 8 Parker's declaration in hand when they did so; he signed it on August 21.

**Fully AI Generated** | 662 Words | High Confidence

Later, 1 under a separate ECF, they filed that declaration under an errata event. Local Rule 2 IC 2-2(h) required them to "explain the changes made to the corrected document." 3 Naming a missing attachment is not a change to ECF No. 70. It is the addition of 4 evidence to the opposition record. An "improper 'Errata'" that supplies omitted 5 substance is not an errata. ATLP, 2023 WL 9232967, at *1–2. 6 B. Defendants did not seek leave. Local Rule 7-2(g) authorizes a strike. 7 The rule is not discretionary in its prohibition. A party "may not file" 8 supplemental evidence without leave granted for good cause. LR 7-2(g). Defendants 9 did not ask. They did not attempt the showing the rule requires. The Court "may 10 strike supplemental filings made without leave of court." Id.; Williams, 2026 WL 11 1679286, at *5; Armstrong, 2024 WL 1744513, at *4, *6; 1600 E. Newlands Drive, 12 2020 WL 7319412, at *2. 13 The prejudice Local Rule 7-2(g) is written to prevent is present. The Parker 14 Declaration is new sworn testimony, including that Hughes and Bigly "have 15 complied with all requests by Ms. Westbrook." ECF No. 71-1 ¶ 10. Plaintiff had no 16 opportunity to test or answer that statement in the Opposition, because the 17 declaration was not part of the Opposition. A court "cannot consider new evidence 18 … when the other party does not have an opportunity to respond to the evidence." 19 1600 E. Newlands Drive, 2020 WL 7319412, at *2 (citing Provenz, 102 F.3d at 20 1483). That is the reason to strike, not a reason to treat the declaration as if it had 21 been filed with ECF No. 70. 22 Defendants will say this is Weinfeld v. Minor, No. 3:14-cv-00513-RJC-WGC, 23 2019 WL 13211833 (D. Nev. Jan. 14, 2019), because the Notice asserts that the 24 Opposition cites to the Parker Declaration. ECF No. 71 at 1. Even taking that 25 assertion as true, Weinfeld does not authorize what they filed. In Weinfeld, the errata 26 supplied billing records the opening brief had already quoted by figure. Id. at *1–2. 27 5Case 2:25-cv-01858-APG-BNW Document 74 Filed 09/02/26 Page 6 of 8 The court still did not treat the late paper as established. It declined to strike and 1 gave fourteen days to respond. Id. at *2. Parker is not an invoice stack. It is a new 2 sworn statement of non-party counsel, signed three days before the Opposition, 3 containing contested

Pangram.

**Fully AI Generated** | 662 Words | High Confidence

testimony that Hughes and Bigly "have complied with all 4 requests." ECF No. 71-1 ¶ 10. Citing a declaration and omitting it does not convert 5 that testimony into a ministerial correction, and it does not excuse Local Rule 7-2(g). 6 If the Court follows Weinfeld at all, the holding is the fallback this Motion separately 7 requests — a short period to respond — not a ruling that the declaration was part of 8 ECF No. 70 all along. 9 C. Alternatively, Plaintiff should be permitted to respond before the Court relies 10 on the declaration. 11 If the Court is not prepared to strike ECF No. 71, it should do what Weinfeld 12 did when it declined to strike: refuse to treat the late paper as established, and give 13 Plaintiff a short, date-certain period to respond to the Parker Declaration before the 14 Court rules on ECF No. 67. Weinfeld, 2019 WL 13211833, at *2. Plaintiff asks for 15 seven days from the Court's order, or such other period as the Court sets. The 16 alternative is not a request to keep the declaration in the record by default. It is the 17 minimum process Local Rule 7-2(g) and Provenz require if the paper is going to be 18 considered at all.

**Human Written** | 334 Words | High Confidence

19 IV. CONCLUSION 20 The Court should strike Defendants' Notice of Errata (ECF No. 71) and the 21 attached Declaration of Stephen Parker as an unauthorized supplemental filing under 22 Local Rule 7-2(g). 23 24 25 26 27 6Case 2:25-cv-01858-APG-BNW Document 74 Filed 09/02/26 Page 7 of 8 Respectfully submitted this 2nd day of September, 2026. 1 2 3 4 5 6 7 8 /s/ Nicole A. Westbrook Nicole A. Westbrook G. Michael Jackson Esq. JONES, DAVIS & JACKSON, P.C. Attorneys for Pastor Steve Smothermon 9 10 CERTIFICATION OF CONFERRAL 11 Counsel for Plaintiff certify that they have attempted in good faith to confer 12 with counsel for Defendants on this motion. Counsel for Plaintiff sent an email to 13 defense counsel on August 26 requesting both conferral on Plaintiff's forthcoming 14 motion to compel and the above-styled motion to strike. Telephonic conferral was 15 16 had August 28 and Defendants oppose the relief requested herein. 17 CERTIFICATE OF SERVICE 18 I HEREBY CERTIFY that on September 2, 2026, I caused the foregoing 19 document to be electronically filed with the Clerk of the Court using CM/ECF. I 20 further certify that a true and correct copy of the foregoing document was served 21 on all counsel of record via transmission of Notices of Electronic Filing generated 22 23 24 25 26 by CM/ECF. Marc J. Randazza, NV Bar No. 12265 Ronald D. Green, NV Bar No. 7360 Alex J. Shepard, NV Bar No. 13582 RANDAZZA LEGAL GROUP, PLLC 8991 W. Flamingo Rd., Ste. B 27 7Case 2:25-cv-01858-APG-BNW Document 74 Filed 09/02/26 Page 8 of 8 1 2 3 4 Las Vegas, NV 89147 Attorneys for Defendants Keith Hodge, Kevin Hodge, and Hodgetwins, LLC /s/ Nicole A. Westbrook 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 8