G. Michael Jackson, State Bar No. 1894
Nicole A. Westbrook, *pro hac vice*
**JONES, DAVIS & JACKSON, P.C.**
25350 Magic Mountain Parkway, Suite 300
Valencia, CA 91355
Telephone: (661) 481-2220
Facsimile: (661) 836-7711
Email: mjackson@jonesdavis.com
nwestbrook@jonesdavis.com

*Attorneys for Plaintiff Pastor Steve Smothermon*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

**PASTOR STEVE SMOTHERMON**,

Plaintiff,

v.

**KEITH HODGE**, an individual; **KEVIN HODGE**, an individual; **HODGETWINS, LLC**, a Nevada limited liability company;

Defendants.

Case No.: 2:25-cv-01858-APG-BNW

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER STAYING PLAINTIFF'S OBLIGATION TO RESPOND TO DEFENDANTS' EIGHTH, NINTH, AND TENTH REQUESTS FOR PRODUCTION, SECOND REQUESTS FOR ADMISSION, SIXTH AND SEVENTH INTERROGATORIES, AND TO SIT FOR A DEPOSITION ON SEPTEMBER 15, 2026**

Plaintiff Pastor Steve Smothermon, by and through undersigned counsel, moves this Court under Federal Rule of Civil Procedure 26(c) for a protective order relieving Plaintiff of any obligation to respond to the six sets of written discovery Defendants served during Plaintiff's post-surgical incapacity (Defendants' **Eighth, Ninth, and Tenth Sets of Requests for Production**, **Second Set of Requests for Admission**, and **Sixth and Seventh Sets of Interrogatories**) and to sit for his deposition in Las Vegas on September 15, 2026 (a date unilaterally chosen after both parties requested a stay of this deposition until November or later) until (1) Plaintiff's treating

physician clears him to participate in this litigation, and (2) the Court resolves the parties' pending cross-motions to modify the Scheduling Order (ECF Nos. 66 and 67).

## INTRODUCTION

In a span of just over two weeks in August 2026, while Plaintiff was confined to bed rest and medicated following major spinal surgery, Defendants served six new sets of written discovery: the Eighth, Ninth, and Tenth Requests for Production, the Second Requests for Admission, and the Sixth and Seventh sets of Interrogatories. These join a discovery campaign that already totals ten sets of requests for production and seven sets of interrogatories. Plaintiff cannot respond. His treating physician has confirmed in writing that the Plaintiff is limited to bed rest, cannot sit, concentrate, or remain awake, should not endure any added stress, and cannot participate in any interview or be interviewed for any reason until early November 2026 at the earliest. A litigant in that condition cannot gather documents, confirm facts, review draft answers, or verify interrogatory and admission responses.

The six sets are not only untimely as to a bedridden plaintiff; they are substantively objectionable. Three of them (the Eighth Requests for Production, the Sixth Interrogatories, and the Second Requests for Admission) demand sweeping damages discovery — Legacy Church financial records, the computation of non-economic damages, and admissions about Plaintiff's knowledge and losses — that overlaps discovery Defendants already propounded. The other three (the Ninth and Tenth Requests for Production and the Seventh Interrogatories) reach into Plaintiff's experts' preparation materials and demand every artificial-intelligence prompt, output, and all strengths and weaknesses of your case identified by the AI — discovery that implicates expert work product and is, at a minimum, properly deferred until the Court sets the scope and schedule of the discovery that remains.

The relief sought is narrow and temporary. Plaintiff does not refuse to respond and preserves his objections. He asks only that his obligation to respond to these six sets be stayed until he is medically able to participate and until the Court rules on the two pending motions (ECF Nos. 66 and 67) that will define the schedule and scope of remaining discovery. Rule 26(c) exists for

exactly this situation, and good cause is manifest.

## RELEVANT BACKGROUND

The Court's Scheduling Order (ECF No. 49) set a discovery cut-off of September 18, 2026, a dispositive-motion deadline of October 19, 2026, and a joint-pretrial-order deadline of November 18, 2026. Two motions to modify that schedule are pending. Defendants moved on August 13, 2026, to extend the cut-off to November 30, 2026, solely to take Plaintiff's deposition (ECF No. 66); Plaintiff moved on August 17, 2026, to extend the cut-off to December 31, 2026, and adjust the dependent deadlines (ECF No. 67). Both remain undecided.

On July 1, 2026, Plaintiff underwent major lumbar spinal-fusion surgery — removal and vertebra-replacement fusion of L5–S1 with nerve decompression. On August 14, 2026, his treating physician, Dr. Diego Gonzalez, confirmed that Plaintiff cannot travel for at least three months and is limited to bed rest; that his medications make it difficult to sit, concentrate, or remain wakeful; that he should not be enduring any added stress; and that he is unable to attend any hearings by Zoom, or other type of video, audio or in-person proceeding whether involving court or deposition testimony or any interview, or otherwise be interviewed for any reason. The soonest Plaintiff may resume activity is early November 2026, subject to re-evaluation. That same incapacity prevents Plaintiff from assisting counsel in the case preparation that responding to discovery requires.

Upon learning that Plaintiff was incapacitated, Defendants served six sets of discovery requests seeking 21 requests for production, 19 requests for admission, and 7 extensive, multipart interrogatories, along with the deposition of Pastor Smothermon on a date unilaterally chosen in Las Vegas (requiring travel by someone who cannot travel). The requests are largely irrelevant and served merely to harass and drive-up fees in this litigation:

- **Eighth Set of Requests for Production**, served August 5, 2026, seeking Legacy Church financial records, Plaintiff's compensation and media-engagement data, book-sales data, social-media analytics, and communications with crisis-management consultants. Defendants' Eighth Set of Requests for Production

- **Sixth Set of Interrogatories**, served August 5, 2026, seeking the identity of persons expressing shock or confusion, facts supporting claims of undermined moral authority and pastoral standing, physical and emotional symptoms, and the computation of non-economic damages. Defendants' Sixth Set of Interrogatories
- **Second Set of Requests for Admission**, served August 5, 2026, seeking admissions regarding removal of the Facebook Post, Plaintiff's personal knowledge of the post, his damages claims, and the Defendants' knowledge and intent. Defendants' Second Set of Requests for Admission
- **Ninth Set of Requests for Production** (Nos. 55–56), served August 13, 2026, seeking all documents, audio, video, and other information provided to Plaintiff's expert Robert Fisher and to any rebuttal expert.
- **Seventh Set of Interrogatories** (Nos. 23–24), served August 19, 2026, seeking the AI tools, prompts, and inputs used in the Fisher and Jonyer expert reports, the portions of his report that were partially or wholly written by AI, and all strengths and weaknesses of your case identified by the AI.
- **Tenth Set of Requests for Production** (Nos. 57–62), served August 19, 2026, seeking all AI prompts, outputs, sessions (in native or exported form), model and configuration settings, and communications concerning any AI use by Dr. Istvan Jonyer.
- **Deposition Notice**, served September 3, 2026, with a unilaterally chosen date, time, and location, despite Defendants having previously moved this Court for an extension of the close of discovery until November when the Plaintiff could be comfortably deposed (Plaintiff also sought an extension of time; both motions remain pending).

Under the 30-day periods of Rules 33, 34, and 36 running from those service dates, responses to the sets of discovery come due in September 2026, beginning on or about September 4, 2026.

## LEGAL STANDARD

Rule 26(c)(1) authorizes the Court, for good cause, to issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including by forbidding or limiting the discovery. The party seeking protection bears the burden of showing good cause, which requires a showing "that specific prejudice or harm will result" if the protective order is not granted. *In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417 (9th Cir. 2011). Independently, Rule 26(b)(2)(C) requires the Court — on motion or on its own — to limit discovery that is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive.

## ARGUMENT

### ***Plaintiff's Documented Medical Incapacity Is Specific, Concrete Good Cause as to All Six Sets and his Deposition.***

The prejudice here is specific, documented, and undisputed — not the kind of broad allegations of harm that fail the Rule 26(c) test. *In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417 (9th Cir. 2011). Dr. Gonzalez's letter establishes that Plaintiff is confined to bed rest, cannot sit or concentrate, is on medications that impair wakefulness, must avoid "added stress," and cannot participate in any proceeding or interview for any reason until early November 2026 at the earliest. Responding to these six sets is not a task counsel can perform alone. The Eighth Requests for Production and Sixth Interrogatories demand Plaintiff's damages records, symptoms, and the computation of his own claimed losses; the Second Requests for Admission require Plaintiff personally to admit or deny facts within his knowledge; and interrogatory and admission responses must be verified or answered by the party. A plaintiff who cannot sit at a computer, concentrate, or endure stress cannot do any of that, and compelling responses now would yield unreliable, unverified answers — the very annoyance, oppression, and undue burden Rule 26(c) prevents. That is good cause.

***The Six Sets Are Cumulative, Premature, and Independently Subject to Limitation.***

The character of the six sets supplies a second, independent basis for relief. The August 5 damages discovery — the Eighth Requests for Production, the Sixth Interrogatories, and the Second Requests for Admission — revisits Plaintiff's alleged reputational and emotional harm, book sales, church finances, and damages computation, subjects Defendants to matters already probed through earlier interrogatories, requests for production, and requests for admission, and to which Plaintiff has responded. Rule 26(b)(2)(C) does not merely permit the Court to curb that repetition; it *requires* the Court to limit discovery that is unreasonably cumulative or duplicative or obtainable from a more convenient or less burdensome source. Requiring a bedridden plaintiff to prepare rolling, individualized responses to each successive wave is the paradigmatic undue burden Rule 26(c) addresses.

The August 13 and 19 sets — the Ninth and Tenth Requests for Production and the Seventh Interrogatories — press even further, demanding every document provided to Plaintiff's experts and every AI tool, prompt, output, session, and all strengths and weaknesses of your case identified by the AI. That discovery is made into expert-preparation materials and attorney work product. It should, at a minimum, be deferred until the Court can address its scope in an orderly fashion rather than under the pressure of a response clock running against an incapacitated party.

***The Pending Scheduling Motions Make a Stay the Efficient Course.***

The scope and timing of remaining discovery are already before the Court. Defendants seek a cut-off of November 30, 2026, for Plaintiff's deposition (ECF No. 66); Plaintiff seeks December 31, 2026, to complete the remaining, defined discovery on a full record (ECF No. 67). Compelling Plaintiff to answer six sets now — days before the current September 18 cut-off and while both motions are pending — and sit for his deposition September 15, would waste the parties' and the Court's resources and prejudge the scheduling questions the Court is deciding. A protective order staying Plaintiff's obligation to respond to these six sets and sit for his deposition until he recovers and the Court rules preserves the status quo, harms no one, and avoids piecemeal motion practice. Defendants identify no trial date and no concrete prejudice from a short, defined pause.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter a protective order under Rule 26(c):

1. Relieving Plaintiff of any obligation to respond to Defendants' Eighth Set of Requests for Production, Ninth Set of Requests for Production (Nos. 55–56), Tenth Set of Requests for Production (Nos. 57–62), Second Set of Requests for Admission, Sixth Set of Interrogatories, and Seventh Set of Interrogatories (Nos. 23–24) until further order of the Court;

2. Staying the response deadlines for those six sets until the later of (a) thirty days after Plaintiff's treating physician clears him to participate in this litigation, or (b) the Court's ruling on the pending motions to modify the Scheduling Order (ECF Nos. 66 and 67), at which time the parties shall meet and confer on a coordinated response schedule;

3. Stay the deposition of Plaintiff until his physician clears him;

4. In the alternative, limiting the Eighth Requests for Production, Sixth Interrogatories, and Second Requests for Admission as unreasonably cumulative and duplicative under Rule 26(b)(2)(C), and deferring the Ninth and Tenth Requests for Production and Seventh Interrogatories pending the Court's determination of the proper scope of expert-related discovery; and

5. Granting such other and further relief as the Court deems just.

Respectfully submitted this 3rd day of September, 2026.

*<u>/s/ Nicole A. Westbrook</u>*
Nicole A. Westbrook
G. Michael Jackson Esq.

**JONES, DAVIS & JACKSON, P.C.**

*Attorneys for Pastor Steve Smothermon*

**CERTIFICATION OF CONFERRAL (LR IA 1-3(f) AND LR 26-6)**

Counsel for Plaintiff certifies that they have attempted in good faith to confer with counsel for Defendants on this motion. Counsel for Plaintiff sent an email to defense counsel on September 2, 2026, requesting conferral on the above-styled motion. Defendants responded that they oppose the relief requested herein because they contend Plaintiff's discovery responses were previously due 28 days after they were served.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 3, 2026, I caused the foregoing document to be electronically filed with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document was served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

Marc J. Randazza, NV Bar No. 12265
Ronald D. Green, NV Bar No. 7360
Alex J. Shepard, NV Bar No. 13582
RANDAZZA LEGAL GROUP, PLLC
8991 W. Flamingo Rd., Ste. B
Las Vegas, NV 89147

*Attorneys for Defendants*
*Keith Hodge, Kevin Hodge, and Hodgetwins, LLC*

/s/ *Nicole A. Westbrook*