G. Michael Jackson, State Bar No. 1894
Nicole A. Westbrook, *pro hac vice*
**JONES, DAVIS & JACKSON, P.C.**
25350 Magic Mountain Parkway, Suite 300
Valencia, CA 91355
Telephone: (661) 481-2220
Facsimile: (661) 836-7711
Email: mjackson@jonesdavis.com
nwestbrook@jonesdavis.com

*Attorneys for Plaintiff Pastor Steve Smothermon*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

**PASTOR STEVE SMOTHERMON**,

Plaintiff,

v.

**KEITH HODGE**, an individual; **KEVIN HODGE**, an individual; **HODGETWINS, LLC**, a Nevada limited liability company;

Defendants.

Case No.: 2:25-cv-01858-APG-BNW

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' COUNTERMOTION FOR ATTORNEYS' FEES [ECF 76]**

## INTRODUCTION

*"Notices of errata to clarify clerical errors are substantively different from attempts to file supplemental briefs unauthorized by local rules."*

- **Circuit Judge Arthur Lawrence Alarcón**
  *WWII sniper with four Battle Stars and a Purple Heart*
  *Bias v. Moynihan*, 508 F.3d 1212, 1224 (9th Cir. 2007)

"AI slop."

- **Counsel for Defendants**
  (referring to a verbatim quote of the Ninth Circuit law *supra*)
  *Former Florida Man*
  *Forgot to attach a substantive declaration to the motion that went beyond the three sentences cited in the motion.*

While impressive for its number of projections, aspersions, fallacies, incivility, and emotional content, Defendants' Countermotion is, after all, a motion for fees under Section 1927. Section 1927 applies only when an attorney unreasonably and vexatiously multiplies proceedings, and only to the excess costs caused by that conduct. Plaintiff's motion to strike did not cause excess costs. It quoted a published Ninth Circuit legal standard and, in the alternative, requested a short opportunity to respond. Defendants chose to file an aspersion-laden Motion for Fees in response, citing irrelevant information, to try to distinguish the law quoted *verbatim* by Plaintiff. That filing does not require counsel to personally pay the cost of Defendants' opposition.

That is not enough for Section 1927 sanctions for three reasons. First, this Court has already shown that it can distinguish cited authority and manage its filings without imposing personal fees. Second, the sentence quoted *verbatim* from *Bias v. Moynihan*, 508 F.3d 1212, 1224 (9th Cir. 2007), is a published Ninth Circuit standard that Defendants may try to distinguish; it is not fabricated authority. Third,

even if the Court concludes that the standard blocking their errata/reply does not control Parker's 10-paragraph substantive declaration, Plaintiff's motion remains colorable under Local Rule 7-2(g) and *Armstrong*. Section 1927, therefore, still does not permit a fee award that Defendants ask of the Court.

The timeline is relatively straightforward. On August 24, 2026, Defendants filed an opposition to Plaintiff's Motion to Modify the Scheduling Order citing the Declaration of Stephen Parker for three lines of substantive text. But they did not attach the declaration to the opposition. ECF No. 70 at 4.

Later that same day, they filed a "Notice of Errata," which attached the ten-paragraph declaration and included the disputed statement that "Mr. Hughes and Bigly have complied with all requests by Ms. Westbrook." ECF Nos. 71, 71-1 ¶ 10. That substantive claim is cited not once in the paper that the "errata" is supposed to "correct." So, it was not clerical in nature. It was substantive.

Plaintiff, consequently, then moved to strike the improper filing under Local Rule 7-2(g), or alternatively, for leave to respond. ECF No. 74 at 1, 6. Defendants responded with this Countermotion for fees, which incorporates their opposition and seeks personal fees against the undersigned attorney on the theory that the quoted authority "holds the opposite." ECF No. 76 at 1–2. But dismissing a Ninth Circuit quotation that matches the text exactly as "slop,"[1] *id*. at 3, 4, does not establish the

---

[1] *Slop*, Merriam-Webster.com Dictionary, https://www.merriam-webster.com/dictionary/slop (last

requisite multiplication, frivolousness, intent to harass, or any excess cost recoverable under § 1927.

The Court should deny the Defendants' Countermotion and resolve ECF No. 74 as a matter of garden-variety docket management.

## LEGAL STANDARDS

"Any attorney or other person admitted to conduct cases in any court of the United States … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

The Ninth Circuit reads the statute narrowly. "Because the section authorizes sanctions only for the 'multipli[cation of] proceedings,' it applies only to unnecessary filings and tactics once a lawsuit has begun." *In re Keegan Mgmt. Co. Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996).

"For sanctions to apply, if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass. … [R]eckless nonfrivolous filings, without more, may not be sanctioned." *Id.* at 436 (the district court found recklessness but found the complaint nonfrivolous and made no finding of intent to

---

visited Sept. 4, 2026) (def. 1a: "digital content of low quality that is produced usually in quantity by means of artificial intelligence").

harass; that combination required reversal). "Frivolous" denotes a filing that is "both baseless and made without a reasonable and competent inquiry." *Id.* at 434 (quoting *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc)). The same "extraordinary remedy," to be "exercised with extreme caution," applies to § 1927. *Keegan*, 78 F.3d at 437.

Local Rule 7-2(g) is a different set of rails. "A party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause. The judge may strike supplemental filings made without leave of court." LR 7-2(g). District courts have the inherent authority to strike an improperly filed paper. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404–05 (9th Cir. 2010) (confidential settlement filed on the public docket; the district court thought it lacked power to strike; holding that inherent authority includes striking an improperly filed paper short of dismissal).

## ARGUMENT

I. *This Court distinguishes cited cases and manages paper without imposing personal fees.*

This Court has already shown how it handles citation disputes and ordinary case-management issues: it resolves them on the merits, without converting them into personal fee motions. When a party raised arguments for the first time in a reply, the Court declined to consider them. Order, ECF 51 at 5 n.1. No fees followed.

That is the relevant point here. Rule 12(f) and Local Rule 7-2(g) serve different purposes, so the Court's earlier denial of a Rule 12(f) motion does not preclude Plaintiff's motion under ECF No. 74. It simply shows the Court's ordinary method: distinguish the cited authority, address the procedural issue, and manage the docket without turning the dispute into a statutory personal fee question.

II. *Quoting the published sentence verbatim at* Bias *1224 is use of a standard. Distinguishing is the available response.*

In ECF No. 74, Plaintiff quoted the published distinction between clerical errata and unauthorized supplemental filings: "Notices of errata to clarify clerical errors are substantively different from attempts to file supplemental briefs unauthorized by local rules." *Bias*, 508 F.3d at 1224. And Defendants do not dispute that the quotation is real. They instead argue that the sentence "holds the opposite" of the point Plaintiff used it to make. ECF No. 76 at 2.

But the holding of *Bias* is narrower than the sentence Defendants attack. And Plaintiff never asserted it as a "holding." The panel was reviewing notices that "did not raise additional substantive issues" and "solely addressed clerical errors." *Id.* at 1224. The district court did not consider the untimely sur-replies, which were filed without leave, and the Ninth Circuit found no abuse of discretion in allowing the clerical notices of errata. *Bias*, 508 F.3d at 1217, 1223–24. *Bias* did not address § 1927. It did not decide whether a same-day declaration, already cited in a limited

way by an opposing brief, becomes an unauthorized supplement when the out-of-scope additional substantive paragraphs are later filed. The quoted sentence can be respected as a legal standard without controlling the separate question whether the ten-paragraph Parker declaration is clerical or supplemental.

Moreover, Plaintiff's motion also does not depend on *Bias* alone. Local Rule 7-2(g) independently prohibits supplemental evidence filed without leave. This District has struck a paper that did not seek leave of court, was incorrectly labeled as an "errata," stated no good cause for supplementing the original filing, made no corrections, and instead added briefing and a declaration. *Armstrong as Tr. of R.J. Armstrong Living Tr. v. Holmes*, No. 3:22-cv-00375-ART-CSD, 2024 WL 1744513, at *3–4, *6 (D. Nev. Apr. 22, 2024). So even if the Court distinguishes *Bias* as to the ten-paragraph declaration – particularly at paragraph 10, where a conclusory statement is made – *Armstrong* and Local Rule 7-2(g) still make ECF No. 74 colorable.

The filing is, at very least, mixed. ECF No. 70 cited Parker paragraphs 6 and 7; ECF No. 71 then attached the rest of the declaration, with its ten paragraphs and the final conclusory paragraph. The Court can receive what was already in play, exclude what is new, or allow a short response. By analogy, "[w]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to

respond." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (quoting *Black v. TIC Inv. Corp.*, 900 F.2d 112, 116 (7th Cir. 1990)). ECF No. 74 already asked for that limited opportunity. A motion that quotes a published standard and, in the alternative, asks for ordinary judicial process is not both baseless and made without a reasonable and competent inquiry.

III. *Defendants have not shown multiplication, frivolousness or intent to harass, or excess cost.*

Defendants' Countermotion for fees cites *Fink* and then drops off. ECF No. 76 at 2. They skip over both the first statutory element (multiplication), *Keegan*'s rule that recklessness alone is insufficient, and *Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1998) (as clarified by *Fink*).[2]

"Multiplication" is the §1927 statutory trigger. *Keegan*, 78 F.3d at 435. One motion, with valid rule-based grounds, is not multiplication. Multiplication implies unnecessary filings and tactics that unreasonably and vexatiously prolong a case already underway. *Id.* The point, here, is narrower: a first Local Rule 7-2(g) motion that quotes a published standard and, in the alternative, asks for a short time for response is ordinary motion practice. Responding to that motion is not an excess cost under § 1927 for which the defendants may recover.

---

[2] Treating a distinguishable citation as § 1927 bad faith would turn ordinary briefing into a fee motion.

Even assuming multiplication and recklessness *arguendo*, recklessness alone still would not favor the award the defendants request. "For sanctions to apply, if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass." *Id*. at 436. ECF No. 74 quoted a published sentence, invoked a written local rule, and asked in the alternative for a response window. So, even if the Court distinguishes the *Bias* standard, *Armstrong* and Local Rule 7-2(g) still make the motion colorable. Distinguishing a case does not prove an intent to harass.

*Fink* does not fix that problem. "Recklessness suffices for § 1927, but bad faith is required for sanctions under the court's inherent power." *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001). It is their own case. And their own case states, "Mere recklessness, without more, does not justify sanctions under a court's inherent power." *Fink*, 239 F.3d at 993–94. A court invoking that power must identify it and make "an explicit finding that counsel's conduct 'constituted or was tantamount to bad faith.'" *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648–49 (9th Cir. 1997) (distinguishing a lower court's frustration which caused it to use words like "inexcusable", "outrageous", and "totally frivolous" and an actual finding of bad faith based on factual and legal prerequisites). Defendants' Countermotion for fees does not build that record.

Section 1927 also does not reimburse the ordinary cost of opposing a motion. It "authorizes the taxing of only excess costs incurred because of an attorney's

unreasonable conduct; it does not authorize imposition of sanctions to reimburse a party for the ordinary costs of trial.” *United States v. Associated Convalescent Enters., Inc.*, 766 F.2d 1342, 1347–48 (9th Cir. 1985) (*citing United States v. Blodgett*, 709 F.2d 608, 610–11 (9th Cir. 1983)). By the same measure, fees incurred to write an opposition that the Local Rules contemplate are ordinary motion costs, not “excess costs, expenses, and attorneys’ fees reasonably incurred because of such conduct.” 28 U.S.C. § 1927. Defendants submit no lodestar separating those pages from any recoverable increment.

IV. *The Court should manage ECF No. 71 and deny the Countermotion.*

The Court could strike the Notice under Local Rule 7-2(g) if it finds unauthorized supplementation. It could receive the declaration and give Plaintiff the short response window ECF No. 74 already requested. It, perhaps, could even split the paper between the paragraphs ECF No. 70 cited and the paragraphs it did not. “Broad deference is given to a district court’s interpretation of its local rules.” *Bias*, 508 F.3d at 1223. Those are merits outcomes. They are not a finding under § 1927 for fees.

## CONCLUSION

The Court should DENY the defendants’ Countermotion for fees (ECF No. 76) and decide the Motion to Strike (ECF No. 74) under Local Rule 7-2(g). If the Court receives the Parker Declaration, it should grant the short response window

already requested.

Respectfully submitted this 8th day of September, 2026.

/s/ Nicole A. Westbrook
Nicole A. Westbrook
G. Michael Jackson Esq.
**JONES, DAVIS & JACKSON, P.C.**

*Attorneys for Pastor Steve Smothermon*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which served all counsel of record, including:

Marc J. Randazza, NV Bar No. 12265
Ronald D. Green, NV Bar No. 7360
Alex J. Shepard, NV Bar No. 13582
RANDAZZA LEGAL GROUP, PLLC
8991 W. Flamingo Rd., Ste. B
Las Vegas, NV 89147

*Attorneys for Defendants*
*Keith Hodge, Kevin Hodge, and Hodgetwins, LLC*

/s/ *Nicole A. Westbrook*