G. Michael Jackson, State Bar No. 1894
Nicole A. Westbrook, *pro hac vice*
**JONES, DAVIS & JACKSON, P.C.**
25350 Magic Mountain Parkway, Suite 300
Valencia, CA 91355
Telephone: (661) 481-2220
Facsimile: (661) 836-7711
Email: mjackson@jonesdavis.com
nwestbrook@jonesdavis.com

*Attorneys for Plaintiff Pastor Steve Smothermon*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| **PASTOR STEVE SMOTHERMON**,<br><br>Plaintiff,<br><br>v.<br><br>**KEITH HODGE**, an individual; **KEVIN HODGE**, an individual; **HODGETWINS, LLC**, a Nevada limited liability company;<br><br>Defendants. | Case No.: 2:25-cv-01858-APG-BNW<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE NOTICE OF "ERRATA" AND DECLARATION OF STEPHEN PARKER [ECF NO. 74]** |

Paragraph 10 of the Parker Declaration is not an errata at all. It states, in full: "Mr. Hughes and Bigly have complied with all requests by Ms. Westbrook." Decl. of Stephen Parker ¶ 10, ECF No. 71-1. Plaintiff moved the Court to disregard the declaration and, at least, that conclusory sentence. That sentence expands the substance of the opposition it was meant to support. If ECF No. 71 stays on the docket, Plaintiff asks for seven days to respond to paragraph 10 only. Plaintiff's

Motion to Strike, ECF No. 74 at 6.

**I. ECF No. 70 cited two paragraphs. Paragraph 10 is not one of them.**

*Three Sentences Cite the Parker Declaration*

> The only deposition Plaintiff has even *inquired* about is third party witness Nathan Hughes. Mr. Hughes' counsel offered Mr. Hughes for deposition on August 26, 2026. *See* Declaration of Stephen Parker ("Parker Dec."), ¶ 6. Plaintiff's counsel, Nicole Westbrook, issued a subpoena for the deposition. *See id.*, ¶ 7. However, as of August 24, 2026, she has not confirmed whether she *will* depose him on that date, has not scheduled a court reporter, and has not followed up regarding the logistics of the deposition. *See id.*

Defendants filed a complete opposition and, hours later, a declaration captioned as an errata. ECF Nos. 70, 71. The Notice says the omission "does not affect the substance of the arguments made in the Opposition." Notice of Errata, ECF No. 71 at 1. But that is just inaccurate. In reality, ECF No. 70 cited Parker **only at paragraphs 6 and 7**. Opp'n at 4, ECF No. 70 (citing "Parker Dec., ¶ 6" and "id., ¶ 7"). Defendants now state that ECF No. 70-6 *already* "contains the same information as the two paragraphs of Mr. Parker's declaration cited in the Opposition." Opp'n, ECF No. 75 at 5-6. And Mr. Parker's declaration limits the scope of his declaration "with respect to the **scheduling** of Mr. Hughes deposition." Parker Decl., ECF No. 71-1 at ¶ 4 (emphasis added). Paragraph 10 goes beyond scheduling testimony and into new territory: Mr. Parker's opinion as to whether

discovery with these nonparties was complete. It was not.[1]

**II. Same-day filing is not leave under Rule 7-2(g).**

A party "may not file supplemental pleadings, briefs, authorities, or **evidence** without leave of court granted for good cause." LR 7-2(g) (emphasis added). Defendants did not ask this Court for leave. We can only speculate as to what would have happened if they did. But framing the addition of substantive evidence as a "clerical error" that merely corrects a mistake in the original document is not accurate.

Even as they distinguish a case quoted verbatim in the legal-standards section of Plaintiff's Motion to Strike, *Bias v. Moynihan* does not fill that gap. "Notices of errata to clarify clerical errors are substantively different from attempts to file supplemental briefs unauthorized by local rules." 508 F.3d 1212, 1224 (9th Cir. 2007). They distinguished some of Plaintiff's cases and left the closer authorities used in the argument section unaddressed. Defendants add that the panel said the errata "raised no additional substantive issues, and addressed clerical errors." Opp'n at 3, ECF No. 75. That description does not fit paragraph 10, which adds a new compliance finding and undercuts their own *Bias* analysis.

Their remaining cases, as they cite them, involved an omitted exhibit the

[1] The Court may take judicial notice of ECF 70-6, which shows that counsel for the Defendants put a halt to the deposition.

opposition had already cited. Opp'n, ECF No. 75 at 1 and 6. But, here, Defendants' ECF No. 70 cited Parker only at paragraphs 6 and 7. Opp'n, ECF No. 70 at 4. It did not cite paragraph 10.

*Weinfeld* and *Slagowski*, as Defendants cite them, allowed a later attachment of exhibits the opening paper had already used. *Weinfeld v. Minor*, No. 3:14-cv-00513-RJC-WGC, 2019 WL 13211833, at *1 (D. Nev. Jan. 14, 2019) (errata supplied billing records "referenced and cited throughout the original motion"); *Slagowski v. Cent. Wash. Asphalt*, 291 F.R.D. 563, 583 (D. Nev. 2013) (errata supplied "the e-mail chain inadvertently left off of the Exhibit attached to the opposition"). That description fits Parker paragraphs 6 and 7. ECF No. 70 cited those paragraphs for the August 26 date and the subpoena. Opp'n, ECF No. 70 at 4. Defendants concede ECF No. 70-6 already "contains the same information as the two paragraphs of Mr. Parker's declaration cited in the Opposition." Opp'n, ECF No. 75 at 5-6.

This analysis, however, does not fit paragraph 10. ECF No. 70 never cited that paragraph. ECF No. 70-6 does not contain it. Paragraph 10 is a new sworn finding: "Mr. Hughes and Bigly have complied with all requests by Ms. Westbrook." Parker Decl. ¶ 10, ECF No. 71-1. Because Mr. Parker self-limited his declaration, he may speak only "with respect to the scheduling of Mr. Hughes deposition." *Id.* ¶ 4. Therefore, Paragraph 10 is additional evidence filed without leave. LR 7-2(g); *Bias*

*v. Moynihan*, 508 F.3d 1212, 1224 (9th Cir. 2007). If the Court follows *Weinfeld* on paragraphs 6 and 7, it should follow *Weinfeld* on process as well: do not treat the late sentence as established, and give Plaintiff a short period to answer it. *Weinfeld*, 2019 WL 13211833, at *2; Mot., ECF No. 74 at 6.

**III. A closed reply window is not a finding.**

Defendants say "the Court informed the parties that reply briefs were unnecessary." Opp'n, ECF No. 75 at 2 (citing ECF No. 68). They then say Plaintiff "makes no effort to dispute anything in the declaration." *Id.*

*Another Obvious Inaccuracy by Defendants*

> 1 ¶¶ 5–10. That compliance assertion is contested. It is not a typographical correction to the Opposition.

Plaintiff already said the compliance assertion "is contested" and "is not a typographical correction." Mot., ECF No. 74 at 2; Westbrook Decl. ¶ 5, ECF No. 74-1 ("That assertion is contested."). On August 27, 2026, at 2:31 p.m., Mr. Green wrote that Defendants "will not object if you respond to our Errata and the declaration of Mr. Parker." ECF No. 75-1 at 2. The later opposition withdraws that written offer. Opp'n, ECF No. 75 at 4.

**IV. Relief already requested in the motion.**

Plaintiff does not need a separate motion for leave. The opening paper already asked the Court to "refuse to treat the late paper as established, and give Plaintiff a

short, date-certain period to respond." Mot., ECF No. 74 at 6. That request is seven days, limited to paragraph 10. If the Court uses this new sworn testimony, Plaintiff must have a chance to answer it. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (summary judgment context). Paragraphs 1 through 9 may stay insofar as they duplicate ECF No. 70 at 4 and ECF No. 70-6.

The Court should disregard Parker paragraph 10. If ECF No. 71 remains on the docket, give Plaintiff seven days on that paragraph only.

Respectfully submitted this 8th day of September, 2026.

*/s/ Nicole A. Westbrook*
Nicole A. Westbrook
G. Michael Jackson Esq.
**JONES, DAVIS & JACKSON, P.C.**

*Attorneys for Pastor Steve Smothermon*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which served all counsel of record, including:

Marc J. Randazza, NV Bar No. 12265
Ronald D. Green, NV Bar No. 7360
Alex J. Shepard, NV Bar No. 13582
RANDAZZA LEGAL GROUP, PLLC

8991 W. Flamingo Rd., Ste. B
Las Vegas, NV 89147

*Attorneys for Defendants*
*Keith Hodge, Kevin Hodge, and Hodgetwins, LLC*

/s/ *Nicole A. Westbrook*