G. Michael Jackson, State Bar No. 1894
Nicole A. Westbrook, *pro hac vice*
**JONES, DAVIS & JACKSON, P.C.**
25350 Magic Mountain Parkway, Suite 300
Valencia, CA 91355
Telephone: (661) 481-2220
Facsimile: (661) 836-7711
Email: mjackson@jonesdavis.com
nwestbrook@jonesdavis.com

*Attorneys for Plaintiff Pastor Steve Smothermon*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| **PASTOR STEVE SMOTHERMON**,<br><br>Plaintiff,<br><br>v.<br><br>**KEITH HODGE**, an individual; **KEVIN HODGE**, an individual; **HODGETWINS, LLC**, a Nevada limited liability company;<br><br>Defendants. | Case No.: 2:25-cv-01858-APG-BNW<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' NOTICE REGARDING MOTION TO COMPEL PRODUCTION OF DOCUMENTS (ECF NO. 83)** |

Plaintiff Pastor Steve Smothermon ("Plaintiff") respectfully submits this response in opposition to the portion of Defendants' Notice Regarding Defendants' Motion to Compel Production of Documents (ECF No. 83) that seeks an award of attorneys' fees and costs under Federal Rule of Civil Procedure 37(a)(5)(A).

## INTRODUCTION

Defendants have admitted that the Motion to Compel is, in effect, a nullity; the sole relief it was put forward to secure, namely the production of two documents, has been rendered moot by the Plaintiff's having done so. The only thing left

standing is an ask for fees on a motion that ought not to have been filed in the first place.

The chronology of events speaks for itself. On August 27, 2026, Defendants put these two documents on the table during a conferral call. Counsel for the Plaintiff made it clear to the defense she would make inquiries and get back to them the week after. Instead of biding their time for that reply, Defendants were at the courthouse the next day to file their Motion. True to her word, the Plaintiff followed up as promised and turned over both documents the following week.

Rule 37(a)(5)(A) offers no incentive for such a course of action. Under Fed. R. Civ. P. 37(a)(5)(A)(i) and (iii), a fee award is precluded when the movant has not acted in good faith to get the discovery without resorting to the court, or where other factors render an award of expenses inequitable. Both are present here. Defendants filed hours after leaving an unanswered voicemail and a day after their call with us, well in advance of any deadline that would have necessitated court involvement. Moreover, since the Plaintiff has already voluntarily and expeditiously produced the documents without being ordered to do so, it would be unjust to shift fees. The request must be denied.

## RELEVANT BACKGROUND

In a letter to Plaintiff's counsel on August 13, 2026, defense attorney Ronald Green put in writing his request for the production of two documents that were cited in the report of Robert Fisher, the Plaintiff's expert.

The matter was taken up over the phone by the parties on the afternoon of August 27. In the course of the conversation, Plaintiff's counsel made her position on the documents clear and told Mr. Green she would have words with Mr. Fisher about it before returning to him. To put it plainly, by Thursday afternoon counsel had given her word to look into the matter and give an answer the following week.

Defendants were not prepared to wait for one. The very next day, August 28,

at 11:56 p.m., defense counsel made an unannounced call to Plaintiff's counsel; when he could not get through, he left a voicemail of 40 seconds. Some three and a half hours after that, at 3:32 p.m., the Defendants saw fit to file a Motion to Compel and needlessly add to the litigation.

Plaintiff's counsel did what she said she would. On September 4, as was promised, she turned over the two documents to the Defendants after speaking with the expert, conferring with the client, and researching the issues. The Court's order was not required to grant the relief the Defendants wanted. There was no hearing or deadline set by the Defendants that would have made the documents necessary prior to the week of August 31, and with discovery not due to close until September 18 (a date both sides have asked to be extended, the Defendants more than once), there was no urgency.

Instead of putting away a motion that Plaintiff's production had rendered moot, the Defendants have filed this Notice and stand by their claim for fees.

## LEGAL STANDARD

When requested discovery is provided after the motion was filed, Rule 37(a)(5)(A) directs that the court ordinarily require the responding party to pay the movant's reasonable expenses. That presumption is not automatic. The Rule expressly forbids a fee award where "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii).

These exceptions serve the animating purpose of Rule 37: discovery should proceed with minimal involvement of the Court, and the rules should deter the abuse implicit in carrying or forcing a discovery dispute to the court when no genuine dispute exists. *Big City Dynasty v. FP Holdings, L.P.*, 336 F.R.D. 507 (D. Nev.

2020). A movant who runs to court before genuinely attempting to resolve a dispute or who obtains voluntary compliance without any order is not the party the fee-shifting presumption was designed to protect.

## ARGUMENT

A. Defendants filed before attempting in good faith to obtain the documents without court action.

Fed. R. Civ. P. 37(a)(5)(A)(i) provides an exception that precludes fees if the movant put in a motion without first making a good-faith attempt to secure the discovery or disclosure at issue, absent any court action. The circumstances of this case fit that description.

As the District makes clear, a discovery motion is not to be entertained unless the movant has put forth a good-faith effort to meet and confer in accordance with LR IA 1-3(f) prior to filing (LR 26-6(c)). Such a conferral demands direct communication on the matter, whether by face-to-face, telephone or video conference; it is not enough to have an exchange of written or electronic messages, including voice mail. LR IA 1-3. There must be a sincere attempt to narrow or put to rest the dispute.

Defendants' conduct does not hold up to that standard. The sole two-way discussion on the documents in question was the phone call of August 27, and it did not end in an impasse so much as with Plaintiff's counsel undertaking to speak with the expert and get back to them in the week ahead. Yet defense counsel saw fit to change course, leave a 40 second voicemail and file the motion the very day, rather than see the process through. One day after a live conference in which a response from the Plaintiff was promised but not yet due, Defendants filed. Under Local Rule IA 1-3(f), the voicemail is no substitute for the required meet-and-confer.

One might expect Defendants to point to Mr. Green's comment on the August 27 call to the effect that he could not give his word not to move to compel before

hearing back from counsel. But reserving the right to file unilaterally is not the same as a good-faith conferral. The Rules are concerned with whether there was a genuine effort to resolve the matter before coming to the Court, not with whether the movant issued a warning that it would not wait. A cooperative litigant would have let the short time frame set by Plaintiff's counsel run its course before asking for judicial intervention, especially when discovery remains open for some weeks. To file the next day over a dispute being actively worked out is to force the issue where none truly exists, an abuse of the process recognized in Big City Dynasty v. FP Holdings, L.P., 336 F.R.D. 507 (D. Nev. 2020). That is sufficient under exception (i) to deny the request for fees.

B. <u>An award of fees would be unjust because Plaintiff produced the documents voluntarily, promptly, and without any court order.</u>

The third exception to the rule, standing on its own, precludes fees in any case where an award of expenses would be inequitable. See Fed. R. Civ. P. 37(a)(5)(A)(iii). The facts at hand are a textbook example of such an unjust award.

Consider that Plaintiff turned over both documents on September 4, 2026. He did so of his own accord and without any order from this Court, all within the week his lawyer had put forward as the time for a response. In short, the motion has not obtained anything the Plaintiff was not already going to provide. To shift fees when a party has been prompt and voluntary in its discovery, in keeping with its representations to the movant, is to penalize cooperation instead of putting off obstruction.

One need look no further than *Barren v. Robinson*, 2014 WL 12625106 (D. Nev. July 16, 2014), for confirmation that an award is unwarranted under these conditions. In that matter, the court refused to grant Rule 37 expenses despite finding the movant's conferral effort wanting, reasoning that because some effort was made, an award would be hard to justify. The equities run in favor of the Plaintiff here to

an even greater degree. He did not just make an attempt to confer; he followed through, set a date for a response and stuck to it by producing the documents. It would be unjust to saddle a party with fees for honoring his word and rendering the motion moot without the Court having to intervene. *Barren v. Robinson*, No. 2014 WL 12625106 (D. Nev. July 16, 2014).

C. There was no emergency justifying a race to the courthouse.

The Defendants put forward the argument that they had to file immediately due to spoliation issues stemming from what the expert said at his deposition. Such a rationale is not enough to excuse filing in advance of the response the Plaintiff had put on the table. For one, the Defendants have been aware of the two documents since their letter of August 13, well over two weeks prior to the filing. Yet they made no move to call for a meet and confer. It was only when counsel for the Plaintiff insisted on it before filing Plaintiff's substantive motion to compel (ECF No. 77) that the parties saw fit to confer on August 27. And what transpired between that conference and the next day's filing? Nothing but the turning of a calendar page.

There is no deadline or hearing the Defendants can point to, nor any showing of risk that would have been incurred by biding their time until the week of August 31. With discovery set to run through September 18, 2026, and both sides looking to extend that date, there is no real urgency here. The Motion was filed too soon, without first making a good faith effort to get the documents on their own terms, in an effort to needlessly expand this litigation and impose on the Court. That lack of exigency makes a fee award unwarranted under Fed. R. Civ. P. 37(a)(5)(A)(i), (iii).

## CONCLUSION

Plaintiff produced the requested documents voluntarily, on the timeline his counsel gave Defendants during the parties' conferral, and without any order compelling him to do so. Defendants filed their Motion before that promised response was due, and before conducting the good-faith conferral the Federal and

Local Rules require. Both Rule 37(a)(5)(A)(i) and Rule 37(a)(5)(A)(iii) bar the fees Defendants seek. Plaintiff respectfully requests that the Court deny Defendants' request for attorneys' fees and costs.

Respectfully submitted this 12th day of September, 2026.

*/s/ Nicole A. Westbrook*
Nicole A. Westbrook
G. Michael Jackson Esq.
**JONES, DAVIS & JACKSON, P.C.**

*Attorneys for Pastor Steve Smothermon*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 12, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which served all counsel of record, including:

Marc J. Randazza, NV Bar No. 12265
Ronald D. Green, NV Bar No. 7360
Alex J. Shepard, NV Bar No. 13582
RANDAZZA LEGAL GROUP, PLLC
8991 W. Flamingo Rd., Ste. B
Las Vegas, NV 89147
*Attorneys for Defendants*
*Keith Hodge, Kevin Hodge, and Hodgetwins, LLC*

/s/*Nicole A. Westbrook*