**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Pastor Steve Smothermon,

Plaintiff,

v.

Kevin Hodge, et al.,

Defendants.

Case No. 2:25-cv-01858-APG-BNW

**REPORT AND RECOMMENDATION DENYING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Plaintiff moves for leave to file a first amended complaint and to extend the deadline to amend pleadings. ECF No. 52. Defendants opposed, and Plaintiff replied. ECF Nos. 53, 56. This Court heard argument and took the motion under submission. ECF No. 122. Because Plaintiff has not established good cause to modify the scheduling order, this Court recommends denying the motion.

## I. BACKGROUND

This defamation action arises from a Facebook post in which Defendants published Plaintiff's photograph. ECF No. 1. The scheduling order set June 16, 2026, as the deadline to amend pleadings. ECF No. 49. Plaintiff filed this motion two weeks after the deadline. ECF No. 52. He seeks to (1) expand his defamation claim to include defamation per se; (2) add claims for false light, statutory right of publicity, and unjust enrichment; and (3) add a prayer for punitive damages. *See* ECF No. 52-1.

## II. LEGAL STANDARD

A scheduling order "controls the course of the action." Fed. R. Civ. P. 16(d). Scheduling order deadlines may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Once that deadline has passed, a party seeking to amend must first show good cause under Rule 16(b)(4);

only then does the court consider whether amendment is proper under Rule 15. *Johnson*, 975 F.2d at 607–08.

Rule 16(b)'s good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. If the moving party was not diligent, "the inquiry should end." *Id.* Good cause exists if the deadline cannot reasonably be met despite the moving party's diligence. *Id.* If a party moves to extend a deadline after it has already expired, excusable neglect must also be shown. LR 26-3; LR IA 6-1(a).

## III. ANALYSIS

Plaintiff requests leave to add certain facts and the following claims to his complaint: (1) statutory right of publicity, (2) false light invasion of privacy, and (3) unjust enrichment. ECF No. 52 at 6–7. He also seeks to add a defamation per se theory and a punitive damages prayer. *Id.* He argues that two facts disclosed shortly before the amendment deadline justify his request: (1) Defendant Kevin Hodge's June 10, 2026, sworn interrogatory answer stating that he ran the image search in Google's incognito mode, and (2) Defendants' June 11, 2026, production of an email exchange between Krisha Mason, an employee of Plaintiff's church, and Kylie Howerton, Defendants' customer-service representative. ECF No. 52 at 3, 5.[1] Defendants respond that Plaintiff had this information from the start, and that he has already pleaded actual malice. ECF No. 53 at 2–4, 12. This Court agrees with Defendants and finds that Plaintiff was not diligent in pursuing these claims for amendment.

First, the incognito search does not support any new claim. Plaintiff mainly relies on it to show reckless disregard for his false light claim and punitive damages prayer. ECF No. 52 at 7;

---

[1] Plaintiff's motion also states that Defendants' June 5, 2026, supplemental disclosures confirmed that Ms. Mason and Ms. Howerton exchanged a phone call and emails about the photograph. ECF No. 52 at 3. In other words, Plaintiff knew of the exchange 11 days before the amendment deadline, even if he did not receive the emails themselves until June 11.

ECF No. 122 at 7:5–8. But his original complaint already alleges that Defendants acted with actual malice and reckless disregard for the truth and that they "made no attempt to verify the identity of the individual pictured." ECF No. 1 ¶¶ 6, 44–45, 47, 59.

At the hearing, Plaintiff's counsel explained that the complaint pleaded actual malice because Plaintiff may be a limited purpose public figure, but that Plaintiff lacked facts showing reckless disregard until he received the June 10 answer. ECF No. 122 at 18:16–19:5, 19:19–23. But the complaint did more than recite the standard. It alleged the same theory Plaintiff wishes to put forth now—that Defendants published his photograph without first verifying who was pictured. ECF No. 1 ¶ 47. While the incognito search adds detail to that theory, it does not create a new one.[2]

Second, the Mason email chain does not show that Plaintiff could not have pleaded his right of publicity claim earlier. Ms. Mason, an employee of Plaintiff's church, initiated the communication to have the post removed. ECF No. 53 at 4, 8. Plaintiff concedes that Defendants' supplemental disclosures, served more than two weeks before the deadline, identified Ms. Howerton and described Ms. Mason's customer support contact. ECF No. 56 at 4. At the hearing, Plaintiff's counsel explained that Plaintiff knew Ms. Mason had contacted Defendants but not where her message went, and that those disclosures first revealed that it went to Defendants' "commercial arm." ECF No. 122 at 7:15–21. But counsel does not explain why this fact could not have been learned earlier from Ms. Mason herself.

/ / /

---

[2] Plaintiff's counsel argues that there was "no viable avenue to draft a First Amended Complaint, review it with the client, and conduct the required meet-and-confer sessions before the [amendment] deadline expired." ECF No. 52 at 5. But even if Plaintiff first learned of the incognito search on June 10, he does not explain why counsel could not have filed a timely motion to extend the amendment deadline in the six days that remained and drafted the first amended complaint later. Defendants' counsel had also told Plaintiff's counsel more than two weeks before the deadline that Defendants generally browse in incognito mode. ECF No. 53-1 at 32.

Plaintiff's counsel also acknowledged that a commercial connection was suspected from the start of discovery. *Id.* at 8:24–9:10. Indeed, the original complaint alleges that Hodgetwins, LLC exists "to profit off of" Defendants' messaging, including their Facebook page, and that Defendants regularly run promotional posts. ECF No. 1 ¶¶ 23, 25. The email exchange may have confirmed Plaintiff's suspicions, but confirming a theory Plaintiff already held (and partly pleaded) does not show diligence. *See Johnson*, 975 F.2d at 609.

Third, Plaintiff identifies no new facts supporting his other proposed amendments. He concedes that his defamation per se theory "adds no operative facts" to his existing defamation claim. ECF No. 56 at 5. His argument that this theory would relate back under Rule 15(c) does not address Rule 16's threshold diligence inquiry. Plaintiff's reasoning for adding a punitive damages prayer, to overcome Defendants' objection to producing financial statements, does not depend on any newly discovered fact. ECF No. 52 at 7.

Plaintiff's remaining arguments similarly fail to establish good cause. Plaintiff argues that amendment would not prejudice Defendants because it would have "zero impact" on the discovery schedule and would require additional discovery, but not on these new claims. ECF No. 52 at 6; ECF No. 122 at 11:2–5. But prejudice to the opposing party is not the focus of the Rule 16 inquiry. *Johnson*, 975 F.2d at 609. And Plaintiff's own motion states that the addition of the punitive damages prayer is meant to "unlock" Defendants' financial records. ECF No. 52 at 7. Nor does Plaintiff's contention that Defendants have withheld discovery establish Plaintiff's own diligence. ECF No. 122 at 20:4–15. Plaintiff identifies no withheld information that he needed to plead his new claims and could not obtain before the deadline.

Because Plaintiff has not shown diligence, the inquiry ends. *Johnson*, 975 F.2d at 609. This Court need not reach excusable neglect or the parties' Rule 15 arguments. This Court therefore denies Plaintiff's motion (ECF No. 52). The original complaint (ECF No. 1) remains the operative pleading.

## IV. CONCLUSION

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion for leave to file a first amended complaint and to modify scheduling order (ECF No. 52) be **DENIED.**

## V. NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: November 16, 2026

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE