**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Pastor Steve Smothermon,<br>Plaintiff,<br>v.<br>Kevin Hodge, et al.,<br>Defendants. | Case No. 2:25-cv-01858-APG-BNW<br><br>**OMNIBUS ORDER** |

Before this Court are 16 non-dispositive motions regarding the scheduling order, Plaintiff's deposition, discovery, and sanctions. This order addresses each motion in turn.[1]

## I. BACKGROUND

This defamation action arises from a Facebook post in which Defendants published Plaintiff's photograph, mistaking him for someone else. ECF No. 1. Plaintiff is the pastor of Legacy Church in New Mexico. ECF No. 1 ¶ 1. Defendants Keith Hodge and Kevin Hodge are social media personalities who publish content through their company, Defendant Hodgetwins, LLC. *Id.* ¶¶ 5, 18. After the post went up, Krisha Mason, an employee of Plaintiff's church, emailed Defendants' customer service account and asked Kylie Howerton, a customer service representative, to take it down. ECF No. 53 at 3–4. Defendants' customer service is handled by Bigly, a company run by Nathan Hughes, who also manages Defendants' website. ECF No. 71-1 ¶¶ 3–4; ECF No. 98-22 at 4–5. Defendants say that Mr. Hughes deleted the post. ECF No. 70-2 at 3.

The scheduling order set September 18, 2026, as the close of discovery and October 19, 2026, as the dispositive motion deadline. ECF No. 49. Plaintiff had lumbar spinal surgery in late

[1] This Court resolves Plaintiff's motion for leave to amend (ECF No. 52) in a separate report and recommendation entered concurrently with this one.

June or early July 2026. ECF No. 67 at 2; *see also* ECF No. 99-1 ¶ 4. He then represented that he could not sit for a deposition or otherwise take part in the case until early November 2026. ECF No. 67 at 3–4. That representation, and the parties' disputes about what discovery remains, led to the motions resolved here.

## II. DISCUSSION

### A. Scheduling Order Motions (ECF Nos. 66, 67, 74, 82, 101, 102, 118, 119)

A scheduling order "controls the course of the action." Fed. R. Civ. P. 16(d). It "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The party seeking the modification bears the burden of showing good cause. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Good cause exists when the party cannot meet the deadline despite its diligence. *Id.* at 609.

#### 1. Defendants' Motion to Modify the Scheduling Order (ECF No. 66) Is Granted in Part

Defendants move to modify the scheduling order so they can depose Plaintiff and to extend only their own dispositive motion deadline. ECF No. 66 at 5–6. Plaintiff opposed. ECF No. 69. This Court grants the motion as to Plaintiff's deposition and limited follow-up discovery but extends the dispositive motion deadline for all parties, not just Defendants.

Defendants were diligent in seeking Plaintiff's deposition. They asked for dates about six weeks before discovery closed and offered to take the deposition remotely, in shorter sessions, and at a place of Plaintiff's choosing. ECF No. 66 at 4. The only reason the deposition did not occur was Plaintiff's assertion that he was still recovering from spinal surgery. ECF No. 67 at 2–3. But Plaintiff agrees that the deposition should go forward. ECF No. 108 at 3–4.

Had it occurred on time, Defendants could have followed up on Plaintiff's testimony before discovery closed. Thus, this Court will permit narrow follow-up written discovery after the deposition, subject to the limits in Section II.C of this order.

Plaintiff argues that extending discovery only for his deposition would leave the depositions he wants to take "stranded" after the cutoff. ECF No. 69 at 2. But whether Plaintiff may take those depositions depends on his own diligence, which this Court addresses in Section II.A.3 of this order. It is not a reason to deny Defendants the deposition they diligently sought.

Finally, good cause exists to extend the dispositive motion deadline for all parties, not just Defendants. As discussed in Sections II.A.3 and II.C of this order, this Court will permit Plaintiff's deposition and limited follow-up discovery. Either side may rely upon Plaintiff's deposition testimony and Defendants' follow-up discovery in their dispositive motion briefing, so good cause exists to extend this deadline for all parties.[2] Additionally, the joint pretrial order deadline runs from the dispositive motion deadline, so a single deadline for all parties avoids uncertainty.

This Court therefore grants in part and denies in part Defendants' motion to modify the scheduling order (ECF No. 66). *See* Sections II.A.3, II.C.

### 2. Defendants' Renewed Motion to Modify the Scheduling Order (ECF No. 101) and Motion for Order Shortening Time (ECF No. 102) Are Denied

Defendants also filed a "renewed" motion to modify the scheduling order. ECF No. 101. Plaintiff opposed, and Defendants replied. ECF Nos. 111, 115. This Court denies the renewed motion.

Defendants filed the renewed motion while their first motion was pending, and it seeks the same relief: Plaintiff's deposition and a later dispositive motion deadline for Defendants only. *Compare* ECF No. 101 at 1 *with* ECF No. 66 at 1. Defendants acknowledge that they

[2] Plaintiff separately seeks to extend the dispositive motion deadline for all parties as well. *See* ECF No. 67; *see also* Section II.A.3.

already sought "similar relief" but say that "the facts have changed significantly." ECF No. 101 at 2. New facts are a reason to seek leave to supplement, not to file a second motion.

In substance, the renewed motion acts as a supplement, and this Court treats it as such. *See Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983) (courts construe a filing by its substance, not its title). A party may not file a supplement without leave of court, and Defendants did not seek leave. LR 7-2(g). This Court therefore denies Defendants' renewed motion (ECF No. 101) as an improper supplement and as duplicative. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) (discussing a court's inherent power to manage its docket).

Defendants also moved for an order shortening time on their renewed motion. ECF No. 102. The motion for order shortening time (ECF No. 102) is denied as moot.

### 3. Plaintiff's Motion to Modify the Scheduling Order (ECF No. 67) Is Granted in Part

Plaintiff moves to extend the discovery deadline for all parties and to adjust the remaining deadlines. ECF No. 67 at 1. Defendants opposed. ECF Nos. 70, 71. This Court stated that no reply was necessary. ECF No. 68. This Court grants the motion only as to Plaintiff's deposition, the dispositive motion deadline, and the joint pretrial order deadline.

Before reaching the merits, this Court resolves two threshold motions: Plaintiff's motion to strike Defendants' errata to their opposition to Plaintiff's motion to modify the scheduling order and Defendants' motion for leave to supplement their opposition.

#### a. Plaintiff's Motion to Strike Defendants' Errata (ECF No. 74) Is Denied

Plaintiff moves to strike Defendants' errata (ECF No. 71) to their opposition to Plaintiff's motion to modify the scheduling order. ECF No. 74. Defendants opposed, and Plaintiff replied. ECF Nos. 75, 81. This Court denies the motion.

Defendants' notice of errata attaches a declaration that they cited in their opposition to Plaintiff's motion to modify the scheduling order but did not attach. ECF No. 70 at 4; ECF No.

71-1. Plaintiff argues that the errata is an improper supplement filed without leave of court. ECF No. 74 at 2–3. But Defendants filed the errata the same day as their opposition, and it added no new brief or argument; it merely supplied the declaration that their timely opposition already cited. The case law Plaintiff relies upon involved errata which added new briefs or arguments, but that is not the case here. ECF No. 74 at 3–4.

This Court also rejects Plaintiff's alternative request to respond to the declaration. This Court had already stated that no reply to the opposition was necessary, so Plaintiff loses nothing by not responding to the cited declaration. This Court therefore denies Plaintiff's motion to strike (ECF No. 74).

**b. Defendants' Motion for Leave to Supplement (ECF No. 82) Is Granted**

Defendants move for leave to supplement their opposition. ECF No. 82. Plaintiff opposed, and Defendants replied. ECF Nos. 104, 109. This Court grants the motion.

The supplement attaches a video of Plaintiff preaching at his church on September 2, 2026, after he represented that he could not "sit, concentrate, or participate in any hearing, deposition, or other proceeding, including by Zoom or other remote means" until early November. ECF No. 82-1 at 2–3; ECF No. 67 at 3–4. Plaintiff does not dispute that the video shows him preaching that day, but he argues that his previous statements to this Court are nonetheless consistent with his treating physician's recommendations. ECF No. 104 at 4–5.

The video bears on Plaintiff's request to extend discovery and it was not available before Defendants' opposition deadline, so good cause exists for the supplement. This Court therefore grants Defendants' motion for leave to supplement (ECF No. 82). It will consider both the supplement (ECF No. 82-1) and Plaintiff's response to it (ECF No. 104) in resolving Plaintiff's motion to modify the scheduling order (ECF No. 67).

/ / /

#### c. Plaintiff Has Shown Good Cause Only as to His Deposition and the Remaining Deadlines

Plaintiff wishes to extend the deadline to obtain outstanding discovery, and he attributes the delay to Defendants' incomplete responses and his own recovery from surgery. ECF No. 67 at 2. Defendants respond that, in the more than four months before Plaintiff filed his motion, he took no depositions, filed no motions to compel, and never asked for deposition dates. ECF No. 70 at 2, 4, 6; ECF No. 70-1 ¶ 4. This Court considers Plaintiff's diligence as to each item. *See Johnson*, 975 F.2d at 609.

*Plaintiff's deposition and the remaining deadlines.* For the reasons stated in Section II.A.1, this Court grants these requests, subject to the conditions in Section II.C of this order.

*Depositions of Keith Hodge, Kevin Hodge, and Hodgetwins, LLC.* Plaintiff never noticed these depositions or asked for dates. ECF No. 70-1 ¶ 4. He argues that he could not "responsibly proceed" with these depositions until Defendants produced the native photograph file, Google activity data, and Meta logs. ECF No. 67 at 2. But Defendants told Plaintiff months earlier that they had no such records. ECF No. 70 at 3–4, 8.

Contrary to Plaintiff's argument, a deposition would have given him the opportunity to question the Hodges and a Rule 30(b)(6) witness about whether those records ever existed, how the photograph was obtained, and what happened to the data. If the testimony had shown that responsive records existed, Plaintiff could have served additional discovery or moved to compel. Plaintiff's decision to wait for records that Defendants said did not exist shows a lack of diligence.

Plaintiff also argues that his recovery from surgery prevented him from "meaningfully assisting counsel in preparing for his deposition and in evaluating the discovery that must precede it." ECF No. 67 at 6. But Plaintiff's recovery bears on his own deposition, not on his

counsel's ability to depose others.[3] Plaintiff did not need to attend or prepare for these other depositions, and his counsel participated in four other depositions after his surgery. ECF No. 67 at 7. Nor does Plaintiff's surgery explain why he did not seek these depositions in the nearly three months between the scheduling order and his surgery. This Court denies this request.

*Deposition of Nathan Hughes*. Plaintiff says that he could not obtain "dates certain" for Mr. Hughes's deposition. ECF No. 67 at 7–8. But Mr. Hughes's counsel had agreed to a deposition date of August 26, 2026, within the discovery period. ECF No. 71-1 ¶¶ 6–7. One week before the scheduled deposition, Plaintiff's counsel then declined to take the deposition until more documents were produced. ECF No. 70-6 at 2. Refusing to take a scheduled deposition in this context is not diligence. This Court denies this request.

*Deposition of Kylie Howerton or a Bigly representative*. Plaintiff's subpoena to Ms. Howerton sought only documents, and Plaintiff never sought a deposition of Bigly. ECF No. 70-6 at 2; ECF No. 71-1 ¶ 9. Though Plaintiff argues that these nonparties did not fully respond to his document subpoenas,[4] that does not explain why he could not seek their depositions—especially when their counsel represented that their production was complete. ECF No. 67 at 8; ECF No. 70-6 at 2. This Court denies this request.

*Electronically stored information*. The native photograph file and its metadata are the subject of Plaintiff's motion to compel, which this Court resolves in Section II.F.3 of this order. They are not a reason to extend the deadline for all types of discovery.

---

[3] Plaintiff relies on *Ramos v. Sables, LLC*, No. 2:25-cv-00776-APG-BNW, 2026 WL 2099183 (D. Nev. July 21, 2026). ECF No. 67 at 4–5. *Ramos* is distinguishable. There, the movant's counsel suffered an illness that impaired his ability to conduct discovery, and the movant sought only the opposing parties' depositions. *Ramos*, 2026 WL 2099183, at *2–3. Here, Plaintiff seeks a far broader extension.

[4] Plaintiff also could have moved this Court to compel their responses. Indeed, Plaintiff filed such a motion in a related action before another court. ECF No. 111 at 2. This Court does not address motions pending before that court, and that motion does not demonstrate Plaintiff's diligence in seeking the non-parties' depositions in this matter.

*Follow-up discovery*. Plaintiff requests follow-up discovery arising from his own deposition and from any supplemental production. ECF No. 67 at 8. But Plaintiff's own testimony will not reveal anything he does not already know, so he has no need for follow-up discovery after his deposition. This Court therefore denies that request. Follow-up discovery after Plaintiff's deposition is available to Defendants only. *See* Sections II.A.1, II.C.

Plaintiff's request for follow-up discovery arising from supplemental production is premature. This order requires Defendants to produce only the native version of the Mason email chain. *See* Section II.F.3. If that production reveals materially new information, Plaintiff may file a narrowly tailored motion, supported by good cause, for limited discovery about the materially new information. This Court therefore denies without prejudice Plaintiff's requests for additional depositions and for follow-up discovery arising from supplemental production.

This Court grants in part and denies in part Plaintiff's motion to modify the scheduling order (ECF No. 67).

#### 4. Plaintiff's Emergency Motion to Stay Case Deadlines (ECF No. 118) and Motion for Order Shortening Time (ECF No. 119) Are Denied as Moot

Plaintiff moves on an emergency basis to stay the dispositive motion, Rule 702, and joint pretrial order deadlines until this Court rules on his motion for leave to amend, and then to reset them. ECF No. 118. Defendants opposed. ECF No. 120. This Court denies the motion as moot.

Although styled as a motion to stay, the motion seeks to modify the scheduling order, and this Court treats it that way. *See Miller*, 709 F.2d at 527. This Court resolves the motion for leave to amend in a separate report and recommendation, entered concurrently, and this order resets the other deadlines. *See* Sections II.A.3, II.C. This Court therefore denies Plaintiff's emergency motion (ECF No. 118) as moot.

The motion would fail on its merits regardless. A party's "failure to effectively manage deadlines, discovery, trial, or any other aspect of litigation does not constitute an emergency."

LR 7-4(b). Plaintiff had known of the dispositive motion deadline since April, and he knew that his motion for leave to amend had been under submission since the hearing. He also told this Court that amendment would have "zero impact on the scheduled close of discovery, the dispositive motion deadline (October 19, 2026), or any trial date." ECF No. 52 at 6.

Plaintiff also moved for an order shortening time on his emergency motion. ECF No. 119. This Court denies that motion (ECF No. 119) as moot.

**B. Defendants' Motion to Exclude (ECF No. 91) Is Granted in Part**

Defendants move to exclude the testimony of Plaintiff and of nonparty Legacy Church's corporate representative or, alternatively, to depose them after the close of discovery. ECF No. 91. Defendants later filed a notice of partial mootness as to Legacy Church. ECF No. 100. Plaintiff opposed, and Defendants replied. ECF Nos. 108, 110. This Court denies the motion as moot as to Legacy Church, denies without prejudice the request to exclude Plaintiff's testimony, and grants the alternative request to depose Plaintiff.

**1. The Motion Is Moot as to Legacy Church**

The parties have agreed that Plaintiff will withdraw Legacy Church as a witness and not call it at trial, and that Defendants will not depose it. ECF No. 100 at 1; ECF No. 110-6 at 4–5. This Court therefore denies the motion as moot as to Legacy Church.

**2. This Court Will Not Exclude Plaintiff's Testimony**

Rule 37(d) permits sanctions when a party fails to appear for his own properly noticed deposition, including an order precluding the party from introducing evidence. But that failure "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37 (d)(2). The choice of sanction lies within this Court's discretion, and any sanction must be "just." Fed. R. Civ. P. 37(b)(2)(A).

Defendants argue that Plaintiff's pending motion for protective order did not excuse his failure to appear. ECF No. 91 at 9. They rely on *Pioche Mines Consolidated, Inc. v. Dolman*, in which the Ninth Circuit affirmed a default against a party who refused to be deposed while his motion for protective order was pending. 333 F.2d 257, 269 (9th Cir. 1964). The court explained that the rule then in effect placed the burden on the deponent "to get an order, not just to make a motion." *Id.* But *Pioche* applied an earlier version of the rules.

Under the current rule, a party who has a pending motion for a protective order may rely on his objection to the deposition and decline to appear. Fed. R. Civ. P. 37(d)(2). Plaintiff moved for a protective order 12 days before his noticed deposition, and it was still pending when he did not appear. ECF No. 79. His failure to appear therefore does not warrant sanctions under Rule 37(d). This Court denies without prejudice Defendants' request to exclude Plaintiff's testimony.

**3. Defendants May Depose Plaintiff After the Close of Discovery**

Plaintiff does not oppose Defendants' alternative request to depose him. ECF No. 108 at 3–4. This Court grants that request on the terms stated in Section II.C of this order.

**C. Plaintiff's Deposition, Follow-Up Discovery, and Remaining Deadlines**

This section sets the terms for Plaintiff's deposition and Defendants' follow-up discovery, and it alters the remaining deadlines.

Plaintiff asks to be deposed by videoconference from his home, though Defendants' counsel offers to travel to Albuquerque. ECF No. 108-1 ¶ 13; ECF No. 110 at 9. Plaintiff's medical evidence supports certain limitations on the deposition, but not to the extent he requests. Plaintiff's physician has lifted his bed rest restriction and advises against air travel and prolonged sitting or standing. ECF No. 104 at 7; ECF No. 108-1 ¶ 7. Because Defendants' counsel will travel, Plaintiff need not fly, and a remote deposition would require as much sitting as one in person. Accordingly, the conditions below accommodate Plaintiff's documented limitations.

Plaintiff's deposition will proceed as follows:

(1) The deposition must take place in person in Albuquerque, New Mexico, at a location of Plaintiff's choosing. Plaintiff must sit for and complete the deposition by December 11, 2026.

(2) Within five days of this order, the parties must meet and confer and agree on the date or dates of the deposition. If they cannot agree, Defendants may choose the date or dates before that deadline and must give at least seven days' notice prior to the deposition.

(3) The deposition is limited to seven hours of testimony, but it may be conducted over two consecutive days. *See* Fed. R. Civ. P. 30(d)(1). Plaintiff may sit, stand, change positions, and take reasonable breaks as needed. Breaks do not count against the seven hours.

(4) If Plaintiff contends that he is medically unable to be deposed under these conditions, he must file a declaration from his treating physician that identifies the specific restriction preventing him from complying with each condition at issue. This declaration must be filed within seven days of this order.

Plaintiff is warned that if he fails to appear for or complete his deposition as ordered, this Court may impose sanctions under Rule 37(b)(2)(A), including precluding his testimony.

Defendants' follow-up discovery after Plaintiff's deposition is limited as follows:

(1) Follow-up discovery may address only documents, witnesses, or facts that Plaintiff identifies for the first time in his deposition. It may not be used to revisit earlier discovery or to pursue discovery that this order denies.

(2) Follow-up discovery is limited to written discovery. Defendants may serve no more than five requests for production and five interrogatories, and this Court grants leave to serve those interrogatories even if they exceed the limit in Rule 33(a)(1).

(3) Each request must identify the specific deposition testimony that gives rise to it, by page and line if the transcript is available.

/ / /

/ / /

(4) Follow-up discovery must be served within 14 days after the deposition is completed. Responses are due within 21 days after service. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). Defendants must complete all follow-up discovery by January 22, 2027.

(5) If Plaintiff believes a follow-up request exceeds these limits, he must state his objection to the request with specificity. Plaintiff must still respond to any part of the request he does not object to. Before filing any motion about follow-up discovery, the parties must meet and confer as required by LR IA 1-3(f) and LR 26-6(c). Any such motion must also comply with LR 26-6(b), quote the deposition testimony on which the disputed request is based, and be filed promptly after the parties reach an impasse.

The remaining deadlines are modified as follows. Discovery remains closed except for (1) Plaintiff's deposition and Defendants' follow-up discovery as described above, and (2) the verifications, amended responses, and production required by Section II.F of this order. Dispositive motions and motions under Federal Rule of Evidence 702 are due by February 22, 2027, for all parties.

This order does not affect motions already filed or their briefing schedules. The joint pretrial order is due by March 24, 2027, or, if dispositive motions are pending, within 30 days of a decision on those motions.

**D. Plaintiff's Motion for Protective Order (ECF No. 79) Is Denied**

Plaintiff moves for a protective order staying his obligations to respond to Defendants' written discovery and to appear for his noticed deposition until his physician clears him and this Court rules on the scheduling motions. ECF No. 79. Defendants opposed, and Plaintiff replied. ECF Nos. 86, 99. This Court denies the motion. It also denies without prejudice the request for sanctions in Defendants' opposition.

/ / /

/ / /

**1. The Motion Is Largely Moot**

This Court may issue a protective order for good cause. Fed. R. Civ. P. 26(c)(1). Plaintiff has since responded to the written discovery at issue, and the noticed deposition date has passed. ECF No. 86 at 5; ECF No. 99 at 5. To the extent Plaintiff asks to postpone his deposition until his physician clears him, this Court denies that request; Section II.C of this order sets the terms for his deposition. This Court therefore denies Plaintiff's motion for protective order (ECF No. 79), largely as moot.

**2. Defendants' Request for Sanctions Is Denied**

Defendants' opposition asks this Court to sanction Plaintiff and his counsel "for lying to the Court and to Defendants," without identifying the sanction they seek or the authority for it. ECF No. 86 at 3. This Court will not develop a sanctions argument for them. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (declining to consider arguments not "specifically and distinctly" raised). This Court therefore denies this request without prejudice.

**E. Defendants' Countermotion for Attorneys' Fees (ECF No. 76) Is Denied**

Defendants countermove for the attorneys' fees they incurred in responding to Plaintiff's motion to strike (ECF No. 74), to be paid personally by Plaintiff's counsel under 28 U.S.C. § 1927. ECF No. 76. Plaintiff opposed, and Defendants replied. ECF Nos. 80, 84. Though this Court denied Plaintiff's motion to strike in Section II.A.3.a of this order, it denies Defendants' countermotion.

Section 1927 permits this Court to require an attorney who "multiplies the proceedings in any case unreasonably and vexatiously" to pay the excess fees caused by that conduct. 28 U.S.C. § 1927. A reckless filing warrants sanctions only if it is frivolous, and a filing that is not frivolous warrants sanctions only if it was intended to harass. *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996). Plaintiff's motion to strike was neither. It accurately quoted binding case law, relied on a local rule that permits this Court to strike unauthorized

supplements, and alternatively asked to respond to the omitted declaration. ECF No. 74 at 3, 6; ECF No. 84 at 2.

Though this Court disagreed with Plaintiff's application of legal authority, the motion was not frivolous, and nothing suggests it was filed to harass. Defendants' contention that counsel drafted the motion with artificial intelligence does not change that conclusion. ECF No. 76 at 2–3. This Court therefore denies Defendants' countermotion for attorneys' fees (ECF No. 76).

**F. Discovery Motions (ECF Nos. 72, 73, 77, 103, 105)**

Five motions concern written discovery and Plaintiff's experts, and the same standards govern each of them.

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). A party must produce documents and electronically stored information "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). This Court has broad discretion to manage discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

This Court will not consider a discovery motion unless the movant made a good faith effort to meet and confer and includes a declaration describing that effort. LR 26-6(c). The meet and confer requirement "may only be satisfied through direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference"; written, electronic, or voicemail communications do not suffice. LR IA 1-3(f). A motion to compel must also "set forth in full the text of the discovery originally sought and any response to it." LR 26-6(b). This Court may, however, waive a local rule when the interests of justice require. LR IA 1-4.

When a motion to compel is granted, or the requested discovery is provided after the motion is filed, this Court must require the party or attorney whose conduct necessitated the motion to pay the movant's reasonable expenses unless (i) the movant filed the motion before

attempting in good faith to obtain the discovery without court action, (ii) the opposing party's nondisclosure was substantially justified, or (iii) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). When a motion is granted in part and denied in part, this Court may apportion the reasonable expenses. Fed. R. Civ. P. 37(a)(5)(C). Under Rule 37(a)(5), this Court may consider requests for expenses related to a motion to compel without requiring a separate motion.

**1. Defendants' Motion for Sanctions (ECF No. 72) Is Granted in Part**

Defendants move for sanctions against Plaintiff and his counsel because Plaintiff has not verified his interrogatory answers, and Defendants contend two of those answers are false. ECF No. 72. They ask this Court to: (1) order Plaintiff to withdraw the two answers or verify them and explain why they conflict with Ms. Mason's deposition testimony, (2) preclude Plaintiff from offering evidence that he discussed the Facebook post with Ms. Mason or told her to contact Defendants, (3) require Plaintiff and his counsel to explain how the answers were prepared, and (4) award expenses. *Id.* at 6–7. This Court orders Plaintiff to verify his answers but otherwise denies the motion.

**a. Defendants Met and Conferred Only as to Verification**

Plaintiff argues that Defendants did not meet and confer before filing the motion for sanctions. ECF No. 78 at 4–5. Defendants did confer by letter and telephone about the missing verifications. ECF No. 72-1 ¶¶ 5–8. They did not confer about their contention that two answers are false. *Id.* ¶ 9. But Plaintiff maintains that any dispute over his answers is a credibility dispute, not a basis for sanctions, so a conference would not have resolved it. ECF No. 78 at 6–7. This Court therefore addresses that issue on the merits as well. *See* LR IA 1-4.

**b. Plaintiff Must Verify His Interrogatory Answers**

Interrogatories must be answered under oath and signed by the person who answers them. Fed. R. Civ. P. 33(b)(3), (5). Plaintiff concedes that he has verified none of his answers but blames his recovery from surgery. ECF No. 78 at 6. That does not excuse the delay.

Plaintiff served his first answers before his surgery, his physician has since lifted the bed rest restriction, and verifying requires only a review and a signature. ECF No. 72-1 ¶ 6; ECF No. 104 at 7. Within 14 days of this order, Plaintiff must serve verifications for all his interrogatory answers. If he cannot verify any answer as served, he must serve amended, verified answers within the same period.

**c. Preclusion Is Not Warranted**

Defendants argue that Plaintiff's answers to Interrogatory Nos. 3 and 9 are false because they conflict with Ms. Mason's deposition testimony. ECF No. 72 at 3–4, 6–7. But a conflict between a party's answer and a nonparty's testimony is a matter for impeachment, not proof that the answer was knowingly false. And Plaintiff must now either swear to these answers or amend them. This Court therefore denies Defendants' request for preclusion and an explanation of how the answers were prepared.

**d. Each Side Will Bear Its Own Expenses**

Because most of the motion sought sanctions that this Court denies, it declines to award expenses. *See* Fed. R. Civ. P. 37(a)(5)(C). This Court therefore grants in part and denies in part Defendants' motion for sanctions (ECF No. 72).

**2. Defendants' Motion to Compel Production of Documents (ECF No. 73) Is Denied**

Defendants move to compel Plaintiff to produce two documents provided to Plaintiff's expert Robert Fisher and request their expenses. ECF No. 73 at 2–3, 8. Plaintiff produced both documents after the motion was filed, so only the request for expenses remains. ECF No. 83.

Plaintiff responded, and Defendants replied. ECF Nos. 93, 97. This Court denies the motion in its entirety.

When discovery is provided after a motion to compel is filed, this Court ordinarily must award the movant its expenses, but not if the movant filed the motion before attempting in good faith to obtain the discovery without court action. Fed. R. Civ. P. 37(a)(5)(A)(i). That exception applies here. Defendants filed their motion the day after the parties conferred by telephone, when Plaintiff's counsel had agreed to respond the following week. ECF No. 93 at 4; ECF No. 73-1 ¶¶ 5–6. As promised, Plaintiff then produced both documents within that week. ECF No. 93 at 3–4. With discovery open for three more weeks, Defendants had no need to file the motion before Plaintiff's promised response.

This Court therefore denies Defendants' motion to compel production of documents (ECF No. 73) as moot as to production and denies their request for expenses.

**3. Plaintiff's Motion to Compel (ECF No. 77) Is Granted in Part**

Plaintiff moves to compel Defendants to supplement their initial disclosures and discovery responses, to produce native electronically stored information, and to submit to a forensic examination of Kevin Hodge's phone and accounts. ECF No. 77. Plaintiff also requests his expenses. *Id.* at 14. Defendants opposed and requested their own expenses, and Plaintiff replied. ECF Nos. 98, 106. This Court grants the motion only as to the native version of the Mason email chain and otherwise denies it.

**a. The Motion Does Not Comply with LR 26-6(b)**

Plaintiff's motion describes categories of discovery and quotes parts of some responses, but it does not set out the discovery requests themselves. ECF No. 77 at 6, 8–9; *see* ECF No. 98 at 4–5, 13. Without the complete text of the requests, this Court cannot tell what was sought or whether Defendants' objections were proper, and it will not sift through more than 100 pages of exhibits to find out.

This Court therefore denies Plaintiff's generic request to compel "complete, verified supplemental responses" to his Second and Third Sets of written discovery. ECF No. 77 at 2. But because the motion and reply identify the remaining categories of discovery, and Defendants have responded to each, the interests of justice favor resolving those disputes on the merits. *See* LR IA 1-4.

**b. Defendants' Initial Disclosures Are Adequate**

Initial disclosures must identify each individual likely to have discoverable information, along with the subjects of that information, and the documents the disclosing party may use to support its claims or defenses. Fed. R. Civ. P. 26(a)(1)(A)(i)–(ii). Plaintiff argues that Defendants' disclosures identify none of their own documents and describe their witnesses in boilerplate terms. ECF No. 77 at 6–7. But Plaintiff does not identify any document that Defendants intend to use but have not disclosed, and Defendants' supplemental disclosures identify each witness in more specific terms. ECF No. 98 at 5–8. This Court denies this request.

**c. This Court Cannot Compel Electronically Stored Information That Does Not Exist**

Plaintiff seeks the native photograph file, Facebook and Google activity data, and communications about the Facebook post. ECF No. 77 at 2, 6, 11–12. But this Court cannot compel a party to produce what does not exist. *See* Fed. R. Civ. P. 34(a)(1). Defendants declare that they never had a native file, the search was not tied to any Google account, their Facebook records contain no information about the post, and they have no communications about the post beyond the two already identified. ECF No. 98-1 ¶¶ 5, 9, 15–18; ECF No. 98-2 ¶¶ 2–3. Plaintiff offers no evidence to the contrary.

This Court therefore denies these requests. This order does not decide whether any information was lost in violation of a duty to preserve, which Plaintiff may raise by appropriate motion. ECF No. 77 at 14.

**d. Defendants Must Produce the Native Mason Email Chain**

Defendants produced the Mason email chain only as a flattened image. ECF No. 106 at 4. The parties' discovery plan contemplates producing native files with metadata where possible. ECF No. 49 ¶ 12. Defendants obtained the email from Bigly and do not argue that the native version is beyond their control. *See* ECF No. 70-6 at 2. Within 14 days of this order, Defendants must produce the Mason email chain (HODGE000136–000138), including any forward of it to Mr. Hughes, in native format with its metadata, from any source within their possession, custody, or control. If Defendants cannot do so, they must serve a verified statement explaining why.

**e. Plaintiff's Remaining Requests Are Denied**

Plaintiff also seeks revenue and engagement data, a response about preservation, and a privilege log. ECF No. 77 at 6. Defendants have answered that more precise revenue data is no longer available, that they took no preservation steps, and that they are withholding nothing as privileged. ECF No. 98 at 12; ECF No. 98-3 ¶ 13. This Court therefore denies these requests.

Finally, Plaintiff asks for a neutral forensic examination of Kevin Hodge's phone and accounts. ECF No. 77 at 12–13. Examining a personal phone more than a year after the subject conduct would intrude on Kevin Hodge's privacy and is unlikely to yield relevant information. *See* Fed. R. Civ. P. 26(b)(1). This Court therefore denies this request.

Both sides request their expenses. ECF No. 77 at 14; ECF No. 98 at 16. Because Plaintiff's motion is granted only in narrow part, this Court declines to award expenses to either side. *See* Fed. R. Civ. P. 37(a)(5)(C). This Court therefore grants in part and denies in part Plaintiff's motion to compel (ECF No. 77).

/ / /

/ / /

/ / /

**4. Defendants' Motion to Compel Responses to Requests for Production (ECF No. 103) Is Granted in Part**

Defendants move to compel Plaintiff to respond to Request for Production Nos. 55 and 56, which seek the materials provided to Plaintiff's experts Mr. Fisher and Dr. Istvan Jonyer. ECF No. 103. Plaintiff responded, and Defendants replied. ECF Nos. 112, 114.[5] This Court denies the motion as moot as to Request No. 56 and grants it in part as to Request No. 55.

**a. Request No. 56 Is Moot**

The parties agree that Request No. 56, which concerns Dr. Jonyer, is moot because Plaintiff has withdrawn him as an expert. ECF No. 112 at 8; ECF No. 114 at 1. This Court therefore denies the motion as moot as to Request No. 56.

**b. Plaintiff Must Serve a Complete Response to Request No. 55**

A party must disclose the facts or data its retained expert considered in forming his opinions. Fed. R. Civ. P. 26(a)(2)(B)(ii). That obligation is "interpreted broadly" to encompass "any material considered by the expert, from whatever source, that contains factual ingredients," and it extends to materials the expert considered, "not only those relied upon by the expert." *Republic of Ecuador v. Mackay*, 742 F.3d 860, 869 (9th Cir. 2014). Drafts of the expert's report and communications between counsel and the expert are protected, except to the extent the communications relate to compensation, identify facts or data that counsel provided and the expert considered, or identify assumptions that counsel provided and the expert relied on. Fed. R. Civ. P. 26(b)(4)(B)–(C); *Mackay*, 742 F.3d at 870.

Plaintiff says that Mr. Fisher's report identifies all the materials he received and that those materials have been produced. ECF No. 112 at 3–7, 9. But Defendants identify materials

---

[5] Defendants tried to confer only by email, text message, and telephone calls on the last day of discovery, and they filed the motion the same day. ECF No. 103-1 ¶¶ 2–6. That falls short of the meet and confer requirement. But Plaintiff's counsel confirmed that Plaintiff opposed the motion, and Plaintiff does not object to the lack of a conference. *Id.* ¶ 6. This Court exercises its discretion to resolve this motion on its merits. *See* LR IA 1-4.

related to damages that were provided to Mr. Fisher that Plaintiff has never produced. ECF No. 114 at 2–3; ECF No. 103-1 ¶ 8. Given that dispute, and given that Plaintiff produced other materials provided to Mr. Fisher only after Defendants moved to compel them, Defendants are entitled to a complete response. *See* Section II.F.2. This Court also rejects Plaintiff's objection that the request duplicates other requests.

Within 14 days of this order, Plaintiff must serve an amended response to Request No. 55 that (1) identifies each document, recording, or other item of information provided to Mr. Fisher, by Bates number if previously produced; (2) produces any such item not previously produced; and (3) states whether any responsive material is being withheld and, if so, on what basis. Plaintiff need not produce draft reports or communications between counsel and Mr. Fisher, except as described above.

Defendants request their expenses. ECF No. 103 at 7. Because Defendants filed their motion the same day they first tried to confer and because the motion is granted only in part, this Court declines to award expenses. This Court therefore grants in part and denies in part Defendants' motion to compel (ECF No. 103).

**5. Defendants' Motion to Compel Responses to Their Seventh Set of Interrogatories and Tenth Set of Requests for Production (ECF No. 105) Is Granted in Part**

Defendants move to compel Plaintiff to respond to Interrogatory Nos. 23 and 24 and Request for Production Nos. 57 through 62, which ask whether and how Plaintiff's experts used artificial intelligence in preparing their reports. ECF No. 105. Defendants later filed a notice of partial mootness. ECF No. 113. Plaintiff opposed and requested his own expenses, and Defendants replied. ECF Nos. 116, 117. This Court grants the motion only as to subparts (1) through (4) of Interrogatory No. 23 and otherwise denies it as moot.

/ / /

/ / /

**a. Most of the Motion Is Moot**

Interrogatory No. 24 and Request Nos. 57 through 62 concern Dr. Jonyer, and Defendants concede that the motion is moot as to him. ECF No. 113 at 1–2; ECF No. 117 at 1–2. In their reply, Defendants also narrow Interrogatory No. 23, which concerns Mr. Fisher, to subparts (1) through (4). ECF No. 117 at 4. This Court therefore denies the motion as moot as to Interrogatory No. 24, Request Nos. 57 through 62, and subpart (5) of Interrogatory No. 23.

**b. This Court Will Consider the Remaining Request**

Defendants moved to compel six days after discovery closed. But Plaintiff served the responses at issue on the last day of discovery, and the remaining dispute concerns a single interrogatory. ECF No. 105 at 7; ECF No. 105-1 ¶ 2. This Court therefore exercises its discretion to consider the motion. *See Little*, 863 F.2d at 685.

**c. Plaintiff Must Answer Subparts (1) Through (4) of Interrogatory No. 23**

Subparts (1) through (4) of Interrogatory No. 23 ask whether Mr. Fisher used an artificial intelligence tool in preparing his report and, if so, how. ECF No. 105 at 2. Plaintiff objects that the interrogatory exceeds the numerical limit and seeks protected draft material. ECF No. 116 at 4–7, 12.

This Court overrules those objections. Rule 26(b)(4)'s protections "do not impede discovery about the opinions to be offered by the expert or the development, foundation, or basis of those opinions." *Mackay*, 742 F.3d at 870. An expert's own use of a tool in developing his opinions goes to the basis of those opinions, and these subparts do not ask for draft reports or communications with counsel. To the extent the interrogatory exceeds the numerical limit, this Court grants Defendants leave to serve it as narrowed, because a single question about Mr. Fisher's methodology is relevant and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1), 33(a)(1).

Within 14 days of this order, Plaintiff must serve a verified answer to subparts (1) through (4) of Interrogatory No. 23. If Mr. Fisher did not use an artificial intelligence tool in preparing his report, Plaintiff may answer by saying so. Plaintiff need not disclose draft reports or communications between counsel and Mr. Fisher, except as described in Section II.F.4.

Both sides request their expenses. ECF No. 105 at 9; ECF No. 116 at 12–14. Because most of Defendants' motion became moot after Plaintiff withdrew Dr. Jonyer, and the remaining request is granted only as narrowed, this Court declines to award expenses to either side.

This Court also denies Plaintiff's request for sanctions under LR IA 11-8. ECF No. 116 at 14. A request for sanctions must be made in its own motion. LR IC 2-2(b). In any event, Defendants' unanswered attempts to confer do not warrant sanctions. This Court therefore grants in part and denies in part Defendants' motion to compel (ECF No. 105).

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' motion to modify the scheduling order (ECF No. 66) is **GRANTED** in part and **DENIED** in part:

- Defendants' request to depose Plaintiff after the close of discovery is GRANTED, and Defendants may serve follow-up discovery as stated in Section II.C.
- Defendants' request to extend only their own dispositive motion deadline is DENIED. The dispositive motion deadline is extended for all parties.

**IT IS FURTHER ORDERED** that Defendants' renewed motion to modify the scheduling order (ECF No. 101) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' motion for order shortening time (ECF No. 102) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to strike Defendants' errata (ECF No. 74) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' motion for leave to supplement (ECF No. 82) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to modify the scheduling order (ECF No. 67) is **GRANTED** in part and **DENIED** in part:

- Plaintiff's requests to extend discovery for his own deposition and to reset the dispositive motion and joint pretrial order deadlines are GRANTED.
- Plaintiff's request for follow-up discovery arising from his own deposition is DENIED.
- Plaintiff's requests for additional depositions and for follow-up discovery arising from supplemental production are DENIED without prejudice.
- Plaintiff's remaining requests are DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's emergency motion to stay case deadlines (ECF No. 118) and his motion for order shortening time (ECF No. 119) are **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' motion to exclude (ECF No. 91) is **GRANTED** in part and **DENIED** in part:

- The motion is DENIED as moot as to Legacy Church.
- Defendants' request to exclude Plaintiff's testimony is DENIED without prejudice.
- Defendants' alternative request to depose Plaintiff after the close of discovery is GRANTED.

**IT IS FURTHER ORDERED** that the scheduling order (ECF No. 49) is modified as follows:

- Plaintiff must sit for his deposition in person in Albuquerque, New Mexico, by December 11, 2026, under the conditions stated in Section II.C.
- Defendants must complete their follow-up discovery, as permitted in Section II.C, by January 22, 2027.
- Dispositive motions and motions under Federal Rule of Evidence 702 are due by February 22, 2027. This order does not affect motions already filed or their briefing schedules.
- The joint pretrial order is due by March 24, 2027, or, if dispositive motions are pending, 30 days after the decision on the dispositive motions.
- Discovery otherwise remains closed except as stated in Sections II.C and II.F.

**IT IS FURTHER ORDERED** that Plaintiff's motion for protective order (ECF No. 79) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' request for sanctions in their opposition to the motion for protective order (ECF No. 86) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Defendants' countermotion for attorneys' fees (ECF No. 76) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' motion for sanctions (ECF No. 72) is **GRANTED** in part and **DENIED** in part:

- Within 14 days of this order, Plaintiff must serve verifications for all his interrogatory answers. If Plaintiff cannot verify any answer as served, he must serve amended, verified answers within the same period.
- Defendants' remaining requests, including their request for expenses, are DENIED.

**IT IS FURTHER ORDERED** that Defendants' motion to compel production of documents (ECF No. 73) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel (ECF No. 77) is **GRANTED** in part and **DENIED** in part:

- Within 14 days of this order, Defendants must produce the Mason email chain (HODGE000136–000138), including any forward of that chain to Nathan Hughes, in native format with its metadata, to the extent it is within their possession, custody, or control, or serve a verified statement explaining why they cannot.
- Plaintiff's remaining requests, including his request for a forensic examination, are DENIED.
- Both sides' requests for expenses are DENIED.

**IT IS FURTHER ORDERED** that Defendants' motion to compel responses to requests for production (ECF No. 103) is **GRANTED** in part and **DENIED** in part:

- The motion is DENIED as moot as to Request No. 56.
- The motion is GRANTED in part as to Request No. 55. Within 14 days of this order, Plaintiff must serve an amended response to Request No. 55 as stated in Section II.F.4.

- Defendants' request for expenses is DENIED.

**IT IS FURTHER ORDERED** that Defendants' motion to compel responses to their Seventh Set of Interrogatories and Tenth Set of Requests for Production (ECF No. 105) is **GRANTED** in part and **DENIED** in part:

- The motion is DENIED as moot as to Interrogatory No. 24, Request Nos. 57 through 62, and subpart (5) of Interrogatory No. 23.
- The motion is GRANTED as to subparts (1) through (4) of Interrogatory No. 23. Within 14 days of this order, Plaintiff must serve a verified answer to those subparts.
- Both sides' requests for expenses and Plaintiff's request for sanctions are DENIED.

DATED: November 16, 2026

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE